## Palmer *vs.* Avery.

A judgment in favor of the plaintiff in a justice's court, after a trial upon the merits, is sufficient evidence of probable cause to defeat an action against him for malicious prosecution, although on appeal to the county court it is reversed, upon another trial.

It is not however conclusive evidence of probable cause, but may be impeached for fraud, conspiracy, perjury, or subornation.

Where no such evidence is offered to impeach the prior judgment, it is the duty of the court to order a nonsuit. Bacon, J. dissented.

The plaintiff is not competent to prove by his own oath, against that of the defendant, that the former judgment was obtained against him by the perjury of the defendant, when the question depends upon their credibility as witnesses.

Where two actions have gone down in consequence of the plaintiff's failure to appear before the justice at the adjourned day, and a new action has been commenced before another justice for the same demand, which is still pending, the litigation is not terminated; and want of probable cause cannot be inferred solely from the discontinuance of the former suits. *Per* Bacon, J. Foster, J. concurring.

Where such new suit, after a full and fair trial upon the merits, resulted in a judgment in favor of the plaintiff, it furnishes sufficient evidence of probable cause to defeat an action brought by the defendant therein against the plaintiff, for malicious prosecution of the prior suits. *Per* Morgan, J. Foster, J. concurring.

ACTION for malicious prosecution. The action was commenced April 14, 1862. At that time an action was pending in a justice's court, in which Avery was plaintiff and Palmer was defendant, for the same demands which had been in issue in two former suits commenced by Avery against Palmer, both of which had gone down in consequence of the

failure of Avery to appear on the adjourned day. The third and last suit was tried before Cornelius Mogg, Esq. a justice of the peace, on the 3d day of January, 1862, and Avery obtained a judgment for one hundred dollars damages. Both of the parties were witnesses upon the trial. Palmer appealed to the county court, and the cause was tried there December 2, 1862, and Palmer obtained a verdict in his favor. Both parties were witnesses in the county court. Thereupon Avery appealed to the supreme court from the judgment in the county court, which appeal is still pending.

This action was tried before MORGAN, J. and a jury, at the Onondaga circuit, in February, 1863, where both parties were again the principal witnesses touching the existence and validity of the demands in controversy. The evidence as to the nature of these demands sufficiently appears in the opinion of the court. At the close of the evidence the defendant moved for a nonsuit upon the following grounds: First. Because the defendant had shown probable cause of action against the plaintiff, by the record showing a judgment in favor of the defendant against the plaintiff in the justice's court. Secondly. Because the litigation was not terminated in favor of the plaintiff when this action was commenced.

The judge nonsuited the plaintiff, holding that the judgment of the justice was *prima facie* evidence of probable cause in favor of the defendant, without passing upon the other question. The plaintiff excepted. The plaintiff then claimed that the question of probable cause, upon all the testimony in the case, should be submitted to the jury as a question of fact. This was declined, and the plaintiff excepted. The court ordered the exceptions to be heard, in the first instance, at the general term.

*W. C. Ruger*, for the plaintiff. I. The court committed an error in holding that the judgment of the court below was *prima facie* evidence of probable cause, and nonsuiting the plaintiff. The case then showed that the judgment was re-

covered upon the uncorroborated evidence of the plaintiff therein, upon this testimony, viz : 1. That he had sold his interest in a certain canal contract to the defendant for $100. 2. He also testified that he had prescribed as a physician for the defendant twice, and that the services were worth $10. When the nonsuit was ordered it appeared, (1.) That the claim when first made was for medical services rendered to a friend of the defendant, $92. (2.) The plaintiff in this suit solemnly denied under oath the truth of the evidence upon which said judgment was rendered. (3.) The testimony of the plaintiff below was improbable and unnatural. (4.) The verdict of a jury and a judgment thereupon had conclusively stamped the evidence of the then plaintiff as untrue, and precluded him from alleging its truth in any subsequent litigation between the same parties. (*Probable cause defined, Foshay* v. *Ferguson,* 2 *Denio,* 617.)

In the English courts it is no unusual thing to have the complaint charge that a conviction of the plaintiff was procured by the defendant with malice and without probable cause. (*26 Eng. Law and Equity Rep.* 381. *30 id.* 115. 1 *B. & Ad.* 125.) It was held in 2 *Crompton & Meeson,* 675, that an action for malicious prosecution could not be maintained, because the conviction on the prosecution complained of had not been appealed from and reversed. When a judgment has been obtained chiefly upon the evidence of the plaintiff and such judgment has been reversed, an action for malicious prosecution will lie upon proof that the evidence of the plaintiff was false. (2 *Shep.* 362. 9 *id.* 212.) A conviction before an examining magistrate, when the defendant was afterwards acquitted on the trial, was held to be no evidence of probable cause. (*Ash* v. *Morton,* 20 *Ohio Rep.* 119. *Ewing* v. *Sanford,* 19 *Ala. Rep.* 605.) A conviction before a magistrate, afterwards reversed, was held to be only evidence of probable cause, entitled to "great consideration." (*Goodrich* v. *Warner,* 21 *Conn. Rep.* 433.) The law in this state is settled by *Burt* v. *Place,* (4 *Wend.* 591,) in which it is held

that an intermediate judgment in favor of the plaintiff is only *prima facie* evidence of probable cause, and may be rebutted.

II. The other grounds taken upon the motion for a nonsuit were not well founded. The jury could have found the fact of malice, from the want of probable cause. (19 *Wend.* 417.) The point, that the litigation was not terminated, is not well taken; it was only necessary that the particular suit complained of should be terminated. (*See* 6 *Hill*, 344.)

*D. Pratt*, for the defendant. I. The plaintiff, to sustain his action for malicious prosecution, was bound to establish these three propositions: (1.) That the prosecution against him had terminated in his favor. (2.) That there was no probable cause for the prosecution. (3.) That the prosecution was malicious. A failure to establish either of these propositions would defeat the action.

II. The plaintiff failed to establish, upon the trial, either of these propositions. (1.) The prosecution against him had not terminated in his favor at the time of the commencement of this suit. (*a.*) Although two actions had become discontinued in consequence of his failure to appear upon the trial, yet another action had been commenced, and was then pending, for the same cause, which afterwards terminated in Avery's favor. (*b.*) The plaintiff must aver and prove that the prosecution claimed to be malicious has terminated in his favor. The proceedings must be so disposed of that it cannot be revived. (*McCormick* v. *Sisson*, 7 *Cowen*, 715. *Gorton* v. *DeAngelis*, 6 *Wend.* 421. *Godard* v. *Smith*, 6 *Mod.* 261. 2 *Salk.* 21.) (*c.*) No case can be found in the books where an action for malicious prosecution has been sustained, while a prosecution for the same matter was pending. (2.) The plaintiff failed to prove a want of probable cause. (*a.*) Want of probable cause cannot be inferred from the discontinuance of the suits, in consequence of the failure of Avery to appear. (*Gorton* v. *DeAngelis*, 6 *Wend.* 418.

*Roberts* v. *Bayles,* 1 *Sand.* 47.) (*b.*) The testimony taken before Justice Mogg, and the judgment therein, being put in evidence by the plaintiff, became evidence as well for as against the defendant. (*Scott* v. *Simpson,* 1 *Sand.* 601.) (*c.*) Taking then the whole testimony together, it showed a clear case of probable cause. (1.) It is plain that Avery was interested in the canal contract, at the commencement of the work, and subsequently ceased to have such interest. (2.) He received none of the proceeds at the final settlement. (3.) Palmer fails to explain how he was got out of that contract. (4.) These circumstances, with Avery's testimony, with nothing but Palmer's naked assertion on the other side, each warranted the decision of the justice. (*d.*) At most it presented a doubtful case, and a doubtful case is not sufficient to establish a want of probable cause. (*e.*) Besides, Avery was advised by his counsel that he had a good cause of action, which is a sufficient justification. (*Hall* v. *Suydam,* 6 *Barb.* 83.) No malice is proved. From all the circumstances of the case it is clear that Avery supposed he had a cause of action against Palmer, which he was trying to enforce.

III. (1.) It is not material that the nonsuit was put upon the ground that the proceedings before the justice showed *prima facie* probable cause. (*a.*) The proceedings before the justice constituted all the evidence there was of a want of probable cause. (*b.*) The plaintiff's testimony on the trial of this suit was merely a reiteration of that given by him before Justice Mogg. (2.) The fact that the prosecution was not terminated when this suit was commenced, could not have been changed.

IV. The court was clearly right in refusing to submit to the jury the question of probable cause. That is a question always for the court to decide. (7 *Cowen,* 715. 1 *Wend.* 345. 2 *Seld.* 384.) (*a.*) There was no question of fact for the jury to pass upon. (*b.*) Besides, the plaintiff did not ask that any question of fact be submitted, but simply that the question of probable cause be submitted to the jury.

Palmer *v.* Avery.

MORGAN, J. The case shows that the defendant preferred claims against the plaintiff for medical services, and also for $92, balance alleged to be due on a sale by the defendant to the plaintiff of his interest in a canal contract; that he sued the plaintiff once before J. Hurst, Esq., a justice of the peace of the city of Syracuse, and that his attorneys declared only for the balance due on the canal contract; that issue was joined (Palmer appearing in person, and Avery not appearing except by attorney,) that Avery did not appear on the adjourned day, and the suit went down; that Avery again sued him before J. Durnford, Esq., of Syracuse, and declared for medical services only, and issue was joined and the suit adjourned; that both parties took out subpœnas, and that Avery's subpœna was returnable at a later hour than the time specified for the adjournment; that Palmer appeared in time, and that the suit was dismissed before Avery arrived. That Avery afterwards sued Palmer before Cornelius Mogg, Esq. of Clay, and declared for medical services and for balance due on the canal contract, and the cause was tried upon its merits, both plaintiff and defendant being sworn as witnesses; that Avery recovered judgment before the justice for $101.71, damages and costs; that Palmer appealed to the county court, where a new trial was ordered, and that both parties and witnesses were again sworn, and Palmer obtained a verdict; that exceptions were taken on the trial in the county court, by Avery's counsel, and the judgment appealed to the supreme court, where the appeal is still pending.

This action is brought for a malicious prosecution, growing out of the above suits; and on the trial the defendant moved for a nonsuit on the following grounds: *First.* Because the defendant had shown probable cause by the record of the trial and judgment before Justice Mogg: And *secondly.* Because the litigation was not terminated.

Without passing upon the other question, I held at the circuit that the judgment before Justice Mogg was *prima facie evidence* of probable cause, and nonsuited the plaintiff. The

plaintiff's attorney claimed that the question of probable cause, upon all the testimony, should have been submitted to the jury. This was declined. The defendant's counsel insists that the litigation was not terminated, and for that reason the nonsuit must be sustained, without reference to the ruling of the court, placing it upon another and untenable ground. And doubtless he is right, if the objection is one which could not be obviated. (*Munro* v. *Potter,* 34 *Barb.* 358.)

I have not examined the question as to the termination of the suit, and do not propose to discuss it in this opinion. It is said by the plaintiff's counsel that it is sufficient that the particular suit is ended which is alleged to be malicious. If this should be conceded I am of opinion that the commencement of a new suit, if it is fairly prosecuted to a trial upon the merits, and results in a judgment in favor of the plaintiff therein, would be a good answer to an action for malicious prosecution. Without, however, dwelling upon this point, I proceed to notice what I deem a much more important question, viz: whether an intermediate trial and judgment in favor of the plaintiff below, is not sufficient evidence of probable cause, in the absence of fraud, conspiracy or subornation in the procurement of the judgment. Although the ruling at the circuit speaks of such a judgment as *prima facie evidence,* I think it would be more accurate if I had ruled that it is *sufficient* evidence of probable cause not to be overcome by a new trial upon the merits, although resulting in a verdict and judgment for the plaintiff. In this case two trials have been had upon the merits, both parties and their witnesses having been sworn on each trial. There was no evidence offered to show that the first trial had not been as fair in all respects as the second one. The result in each case depended upon the credibility of the same witnesses and the nature of the demands. There was nothing in the nature of the demands to show that Avery did not believe they could be sustained at law, if founded on fact. It would not, I

Palmer *v.* Avery.

think, be evidence of want of probable cause if it should be held that the claim for balance due on the canal contract was void within the statute of frauds. That statute is a defense, and would not, I think, render the claim itself a groundless one, so as to subject the party making it to an action for malicious prosecution. It might be otherwise if the party making it had been fully advised that it could not be enforced by a suit. I should be unwilling to hold that a man who is not a lawyer is bound at his peril to know whether or not his demand can be successfully defended either on the ground of the statute of frauds, or on the ground of usury or some other merely technical ground. It is very often a question of nicety, upon which the courts disagree, whether or not a claim comes within the statute of frauds. My own opinion is that the claim of Avery for moneys due him on sale of his interest in the canal contract is within the statute of frauds. It is by no means certain that my brethren will agree with me in this conclusion. Certainly, then, Avery ought not to be deemed to know that it was within the statute. I shall therefore venture to assert that there was nothing in the nature of the demands preferred by Avery against Palmer which furnishes evidence of a want of probable cause. Nothing of the kind was insisted on upon the trial.

The case then comes back to this. Avery succeeded upon a trial before a court of competent jurisdiction in sustaining his demand. It was a trial substantially upon the same testimony as was afterwards introduced by the parties before the county court, where he was defeated. I held at the circuit that the first judgment was evidence of probable cause, and that it could not be overcome by another trial and a different result upon substantially the same evidence. The evidence of the main witness, Avery, may have been somewhat shaken by what was offered by way of contradictory declarations; but nothing occurred to show that the case materially differed from what it appeared on the former trials.

In this state of the case I was asked to submit the question

of probable cause to the jury. The request does not raise the precise point argued by the plaintiff's counsel; but I think he should have the benefit of it, notwithstanding. .

If any of the facts necessary to the decision of the question of probable cause depended upon conflicting evidence, the case should have been submitted to the jury; otherwise not. I intended to rule broadly, that upon the undisputed facts of the case, the action could not be maintained, for the reason that the defendant had once obtained a judgment for his demand before a competent court, after a full and fair trial upon the merits. I did not intend to rule that such a result could not be avoided by proper evidence; but I held in effect that no such evidence had been produced. Hence I said that the intermediate judgment was *prima facie* evidence of probable cause—and of course sufficient, unless rebutted, to destroy the plaintiff's case. Now it will not be argued that there was any reason given on the trial of this action why the judgment before Esquire Mogg should not have its legitimate effect as evidence of probable cause. If I had submitted the case to the jury they would necessarily have passed upon the same evidence as was passed upon in the two former trials. True, the jury might have disbelieved Avery and his witnesses, and might have believed Palmer and his witnesses. In that respect they would have differed from the justice on one trial and agreed with the jury on the second trial, in the county court. Could the effect of the judgment before Esquire Mogg be overcome in this way? This is the only question involved in the plaintiff's exception. We may lay out of view the fact that there is perhaps some evidence that the plaintiff below was actuated by malicious motives in commencing his action; but malice is no ground of action, unless the suit was also commenced without probable cause. And want of probable cause cannot be inferred from any degree of malice. (*Besson* v. *Southard*, 10 *N. Y. Rep.* 236.) Having thus cleared the way of all obstacles I propose to examine the question whether an intermediate trial upon the

merits, in a court of competent jurisdiction, resulting in a judgment in favor of the claim of a party, is not sufficient evidence of probable cause, although upon appeal another jury come to a different conclusion upon a new trial in the same action. This question is not a new one, but must, I think, be determined by the authorities. The principal authority in this state is the labored opinion of Marcy, J. in *Burt* v. *Place*, (4 *Wend.* 591.) The case itself holds that an intermediate judgment in favor of the defendant is *not conclusive evidence of probable cause*, but may be overcome by evidence showing that the complainant caused the defendant to be unjustly detained in prison to prevent a defense in a case where the complainant knew that he had no cause of action. Judge Marcy says, (*p.* 600,) "If we look beyond the declaration to the evidence we see an iniquitous abuse of the process of the law to accomplish an illegal purpose." The opinion of Judge Marcy is mainly devoted to qualifying the rule announced in *Whitney* v. *Peckham*, (15 *Mass. Rep.* 143,) which he claimed went too far, in holding that the recovery before the magistrate was *conclusive* evidence of probable cause. I have looked into that case, and find the doctrine announced as broadly as it is stated by Judge Marcy; but the case itself was not one where the court was called upon to qualify it. No evidence was offered to show that the conviction before the magistrate had been unfairly obtained ; but it appeared that on an appeal to the common pleas, the defendant below was acquitted. Thereupon he brought his action for malicious prosecution. Upon this statement the judge at the circuit held that the first conviction was conclusive evidence of probable cause, and nonsuited him ; and the point being reserved for the opinion of the whole court, the nonsuit was confirmed. Without doubt this decision fully authorizes the ruling at the circuit, in the case at bar. But the authority of that case has been questioned, and it therefore remains to consider whether it has been overruled. Now it will be admitted that the doctrine announced by the court

in that case may have been too broad, and yet the case itself correctly decided. So far as the case holds that the former conviction was *sufficient* evidence of probable cause in the first instance, it is sustained by the remarks of Judge Marcy, in *Burt* v. *Place.* In discussing this question, Judge Marcy refers to *Reynolds* v. *Kennedy*, (1 *Wils.* 232,) and the comments of different judges as to the rule there established; and he observes: "Taking the case as presented by the report, and as explained by the learned judges to whom I have referred, it seems to be no more than this; that if it appears by the plaintiff's own declaration that the prosecution which he charges to have been malicious, was before a tribunal having jurisdiction, and was there decided in favor of the plaintiff in that court, *nothing appearing to fix on him any unfair means in conducting the suit,* the court will regard the judgment in favor of the prosecution as *satisfactory* evidence of probable cause. The question seems to have been what was *sufficient,* rather than what was *conclusive* evidence of probable cause." It is submitted that sufficient evidence becomes conclusive evidence of probable cause, in the absence of testimony that the former judgment was obtained by unfair means; and that the criticism of the learned judge upon the case of *Whitney* v. *Peckham* is not fully warranted by the decision. *Whitney* v. *Peckham* was followed by the same court in *Cloon* v. *Gerry*, (13 *Gray,* 201,) and the rule there announced is, that a conviction by a justice of the peace in a case within his jurisdiction, is *sufficient* evidence of probable cause to defeat an action for malicious prosecution. Chief Justice Shaw, in delivering the opinion of the court, observed: "Where the plaintiff had been convicted by a tribunal constituted by law, with authority to render a judgment, which if not appealed from would have been conclusive evidence of his guilt, and such judgment is not impeached on the ground of fraud, conspiracy, or subornation in its procurement, although afterwards reversed on another trial, it constitutes sufficient proof that the prosecution was not

Palmer *v.* Avery.

groundless, and to defeat an action for malicious prosecution."
There was a nonsuit granted by the judge on the trial as in
the case at bar, and for the same reason. The chief justice
further observes : "It is said the question of probable cause
is a mixed question of law and fact, and that the facts
should have been left to the jury. Here no fact *material to
the question* was controverted, and there was nothing to
leave to the jury." Now it will be seen that *Cloon* v. *Gerry*
expressly affirms the decision of the same court in *Whitney*
v. *Peckham*—while Chief Justice Shaw, in delivering the
opinion, qualifies the doctrine of that case as insisted on by
Judge Marcy in *Burt* v. *Place*. I think, therefore, it may
be safely assumed that all these cases agree in holding, that
in an action for malicious prosecution, a prior judgment in
favor of the plaintiff below, after a trial upon the merits, in
a court of competent jurisdiction, is sufficient evidence of
probable cause ; and unless an attempt is made to impeach
it, for fraud, or conspiracy, or subornation, it is the duty of
the court to grant a nonsuit. In *Payson* v. *Caswell*, (22
*Maine Rep.* 212,) it was held that a former conviction,
unless obtained by undue means of the prosecutor, was *con-
clusive* evidence of probable cause. The court in comment-
ing upon *Burt* v. *Place*, (4 *Wend.* 591,) say : "The entire
universality of the rule was very properly questioned (in that
case ;) and it was held that where the conviction in the infe-
rior court was procured by the circumvention and fraud of
the defendant, it should not avail him." An instance is there
given where the universality of the rule was qualified, in
*Witham* v. *Gowen*, (14 *Maine Rep.* 362,) and where it was
said that a conviction obtained by false swearing would not
be conclusive evidence of probable cause. In that case it
seems the plaintiff was nonsuited on production of a former
record, showing that he was convicted before a justice of the
peace, but that on appeal to the court of common pleas he
was acquitted. The judge, on the trial, ruled that the con-
viction was conclusive proof of probable cause, unless the

plaintiff could prove that the conviction before the justice was obtained exclusively, or mainly, upon the testimony of the defendant, and that such testimony was false. This ruling was held correct by the supreme court, and a new trial denied. In *Ash* v. *Marlow*, (20 *Ohio Rep.* 119,) it is announced that proof that the examining magistrate bound the accused over to court is not conclusive evidence of probable cause. But the court in deciding that case observe : "The cases cited distinguish in unequivocal terms between the judgment of a court of final jurisdiction, and the binding over by an examining court." So far as it bears upon the question involved in the case at bar, it may be cited as an authority for upholding the nonsuit ; for the judge in delivering the opinion of the court cites, without disapproval, the case of *Whitney* v. *Peckham*, (15 *Mass. R.* 243.) And *Ewing* v. *Sanford*, (19 *Ala. R.* 605,) is of the same character. The judge in the latter case, in delivering the opinion of the court, however, observes : "In many cases this commitment (of the magistrate) is predicated alone upon the information of the prosecutor, which information the declaration charges to be malicious and unfounded. To hold that the action of the magistrate, which the prosecutor thus superinduces by his malicious and false charge, should protect him against liability to the injured party, would be to allow him to take advantage of his own wrong."

I will now notice the case of *Goodrich* v. *Warner*, (21 *Conn. Rep.* 432,) cited by the plaintiff's counsel. It was an action for slander and also for malicious prosecution, for that the defendant had falsely charged the plaintiff with having committed an assault and battery upon him, causing him to be arrested and carried before a magistrate, and there he became bound with surety for his appearance before the county court, when upon a trial before a jury he was acquitted of the charge. On the trial it was admitted that the plaintiff was found guilty before the magistrate, and that he appealed to the county court and was there acquitted by the verdict of a

Palmer *v.* Avery.

jury; and it was claimed by the defendant that such conviction was conclusive evidence of probable cause; and by the plaintiff that it was only *prima facie evidence.* The court instructed the jury that it was not conclusive evidence of probable cause, but if the trial was full and fair it was entitled to "*great consideration.*" The jury having returned their verdict in *favor of the defendant,* the plaintiff moved for a new trial. It may be remarked that the plaintiff's counsel on the argument of this motion, found it necessary to retract his concession on the trial that the former conviction was only *prima facie evidence* of probable cause, and to insist that by the appeal to the county court and acquittal it had become dead, effete and inoperative. After this statement, it will be unnecessary to look into the opinion of the court any further than to see that a new trial was refused, thus giving effect to the prior conviction as *prima facie* evidence of probable cause. The reporter in his head note uses the language of the judge on the trial, that the prior conviction was entitled to "*great consideration.*" As the jury, however, found a verdict for the defendant, the correctness of this language was not affirmed by the appellate court.

After this examination of the authorities, I think we may with propriety notice a single element in the case at bar which did not exist in the cases cited. In *Cloon* v. *Gerry,* (13 *Gray,* 202, 3,) Shaw, Ch. J. lays stress upon the fact that the defendant was not a witness on the first trial. In *Ewing* v. *Sanford,* (19 *Ala. Rep.* 609, 10,) the judge clearly intimates that a commitment by an examining magistrate, procured by the oath of the complainant, might be overcome by evidence showing that he swore falsely to the information. Without dwelling longer upon this branch of the inquiry, I am ready to accede to the proposition that a conviction or judgment procured solely by the false oath of the complainant, is not sufficient evidence of probable cause. It then falls within that class of exceptions to the general rule, where the former judgment has been procured by perjury or subornation, or by

fraud and circumvention. It will be observed that the defendant in this action was the principal witness to support his demand before the justice as well as in the county court. So far then it appears that the judgment before Esq. Mogg was obtained principally upon the evidence of the defendant. But I am of opinion that the judgment there cannot be overcome by the plaintiff's interposing his own oath at the circuit to contradict him. He had the advantage of giving in his evidence before the justice, and was upon equal terms with the defendant. When both parties are allowed to testify as witnesses before the justice, there is no reason or authority for allowing the plaintiff to overcome the effect of a judgment against him as evidence of probable cause by appealing to another jury to credit his oath instead of that of the defendant. Without attempting to show that the defendant's oath was false by any new testimony, the offer is to falsify it by his own oath. But he had that opportunity in the justice's court. Is it after all any thing more than a case of conflicting evidence, where two tribunals have come to a different conclusion upon the credibility of the principal witnesses ? I think not ; and since parties are witnesses in civil actions, they cannot be admitted to contradict each other in successive courts for the purpose of showing that a suit was commenced by one against the other without probable cause. Without doubt there will be many cases of hardship where it will be impossible to redress the wrongs of those against whom judgments are obtained upon the false testimony of one of the parties. But the difficulty of ferreting out perjury in such cases is inherent in the law itself which allows parties to be witnesses in their own behalf. There is no known method by which one jury can determine with any thing like absolute certainty that another jury was mistaken in their verdict, when that verdict depended upon the credibility of the parties as witnesses. As one party is not competent as a witness to convict the other party of perjury by his single oath, so he is not competent, I think, by his own oath, to prove that his adver-

Palmer *v.* Avery.

sary obtained a judgment against him by false swearing; especially in a case where both parties are witnesses. I am of opinion, therefore, that the motion for a new trial should be denied.

BACON, J. I have no doubt of the legal soundness of the ruling of the learned justice on the trial, that a record which showed a judgment rendered by a justice of the peace against the plaintiff in this suit was *prima facie* evidence of probable cause. The cause of action in the third suit, tried before Justice Mogg, was identical with the suits commenced before the other parties, and which went down or were discontinued by the failure of the plaintiff in those suits to appear upon the respective adjourned days. But having made this ruling, it was as it seems to me, erroneous to nonsuit the plaintiff upon that ground. In order to produce this result it was necessary to hold that the recovery of that judgment was *conclusive* evidence of probable cause, not capable of being contradicted, and which no evidence that was, or might have been given, could overcome. The same question, in this aspect of the case, was presented on the trial in *Burt* v. *Place*, (4 *Wend.* 591.) The defendant in that case had prosecuted several suits before a justice against the plaintiff, and obtained judgments in them all. Upon an appeal to the court of common pleas, all these judgments were reversed, and the plaintiff had final judgment in his favor. Upon the trial the defendant moved for a nonsuit on the ground that the judgments obtained by him before the justice were conclusive evidence of probable cause. The judge held that they were not conclusive, but only *prima facie* evidence of probable cause, and denied the motion for a nonsuit. To overcome the presumption arising from the recovery of the judgments, the plaintiff was not only permitted to show the reversal of those judgments on appeal, but the conduct of the defendant in prosecuting those suits, and the baseless character of the

claims on which they were founded, as well as declarations of the party showing the motive by which he was actuated.

So in this case it was right to hold that the recovery of the judgment was *prima facie* evidence of probable cause, and the defendant started with that presumption in his favor, which it was the business of the plaintiff, if he could, to overcome. Such evidence it was claimed he had given, and therefore the plaintiff's counsel insisted that all the testimony in the case should be submitted to the jury for their decision as a question of fact. This, I think, was his right, and consequently the ruling by which the court declined thus to submit the question was erroneous.

If this were all of this case it would be necessary to reverse the judgment, and send the cause back for a new trial. In this action, however, it is necessary in order to recover, for the plaintiff to show that the prosecution which is claimed to be malicious, has terminated in his favor. (*McCormick* v. *Sisson*, 7 *Cowen*, 715. *Clark* v. *Cleveland*, 6 *Hill*, 344.) Such was the fact also in *Burt* v. *Place*, in which case final judgment had been rendered in favor of the plaintiff, in the court of common pleas. In the case it is stated that this suit was commenced on the 14th of April, 1862. At that date the action between the parties was pending before Mogg, and the trial did not take place until July, 1862. The action would therefore seem to be premature. On the trial of this cause the plaintiff showed a reversal of that judgment, and a judgment in his favor on appeal to the county court, but at the same time it was conceded that an appeal had been brought, and was then pending and undetermined upon that judgment. So that the litigation was not ended; and no final judgment had been entered putting an end to the prosecution. The court, in the opinion in *Burt* v. *Place*, say that the appeals " were further proceedings in the same suits," and it was only the judgment ultimately rendered that satisfied the rule of law that requires that the suits alleged to be malicious should be decided in favor of the plaintiff. In like manner,

the appeal taken and then pending in the same action was a further proceeding therein, and until that was ended, the controversy had not terminated in favor of the plaintiff. This objection was taken by the defendant's counsel, but not passed upon by the court, which placed the decision upon the other ground. But the fact upon which the objection proceeded exists, and cannot by any possibility be changed; and if it is fatal to the recovery, as I think it is, it would be idle to send this case back for a new trial.

My opinion consequently is that the judgment in this case is right, and should be affirmed.

FOSTER, J. concurred with Justice BACON in the opinion that the litigation was not terminated, and was in favor of a denial of the motion, upon both grounds.

New trial denied.

[ONONDAGA GENERAL TERM, April 5, 1864. *Morgan, Bacon* and *Foster*, Justices.]