Miller *v.* Talcott.

---

MILLER *vs.* TALCOTT.

A promissory note for $1000, made by H. on the 17th of April, 1857, payable to the order of T. ninety days after date, with interest at the Bank of N. and indorsed by T. & M. was discounted by the Bank of N. and the money was received by H. The note not being paid, when it became due, it was protested and T. was duly charged as indorser. The plaintiff paid to the bank the amount due upon the note; and became the owner thereof, on the 8th of June, 1858. H. assigned his property for the benefit of his creditors on the 29th of June, 1857. Soon after the note matured, T. paid one half of the amount due thereon, to the Bank of N. On the 1st of January, 1858, the assignees of H. made a dividend of nine per cent on the debts he owed, and paid $90 to T. to be applied on this note. T. kept $45 of that money, and took the other half ($45) to the Bank of N. and paid it to the bank, upon the note, February 16, 1858, informing the cashier that the $45 was a dividend declared by the assignees of H. to apply on the note, and that he paid it to the bank as such. The cashier indorsed the $45 as paid by T. This action

was commenced, by the plaintiff as holder, against T. as indorser, February 13, 1864.

*Held* that T. paid the $45 on the note, within six years next before the time of the commencement of the action, under circumstances that warranted the judge in holding that he then intended to recognize his liability to pay the entire note, and which he was willing to pay.

The law respecting the effect of a payment on a question as to taking a case out of the operation of the statute of limitations, has not been changed by the Code. And the language of the authorities is that a payment which will take a case out of the operation of this statute, must be made under circumstances to warrant a finding, as a question of fact, that the debtor intended to recognize the debt in question as subsisting, and which he was willing to pay. *Per* BALCOM, J.

THIS action was brought by the plaintiff, as holder, against the defendant, as indorser of a promissory note, of which the following is a copy: "$1000. Ninety days after date I, for value received, promise to pay to the order of Adna Talcott, one thousand dollars, at the Bank of Norwich. East Guilford, April 17, 1857. JAMES HUGHSTON.

(Indorsed,) ADNA TALCOTT, MATTHEW MILLER."

The note was discounted by the Bank of Norwich at the time it was given, and the money was received by Hughston, the maker of the note. The note was not paid when it became due, and was protested by the bank, and Talcott and Miller were duly charged as indorsers, and they signed an agreement waiving demand and notice of protest of the note. Hughston failed and made an assignment of his property for the benefit of his creditors and for the payment of this note. His assignees were Samuel Gordon and others, and the date of his assignment was June 29, 1857. Soon after the note became due, the defendant paid one half of the same to the bank; and he claimed that he and the other indorser had such business relations that the latter should pay the other half of the note.

On the 1st day of January, 1858, the assignees of Hughston made a dividend of nine per cent on the debts he owed, and on that day they paid ninety dollars to the defendant,

Miller *v.* Talcott.

to be applied on this note; and the defendant kept $45 of that money, but he took the other half ($45) to the Bank of Norwich and paid it to the bank upon the note, February 16, 1858. He informed the cashier of the bank, at the time, that the $45 was a dividend declared by the assignees of Hughston, to apply on the note, and that he paid it to the bank as such. The cashier indorsed the $45 on the note as paid by the defendant, at the time it was paid. The plaintiff paid the bank the amount due on the note, on the 8th day of June, 1858, and received the note at that time from the bank.

The action was commenced on the 13th day of February, 1864. The answer contained five different defenses, and one of them was the statute of limitations. The action was tried at the Chenango circuit, in February, 1865, when, by direction of the judge, the jury rendered a verdict in favor of the plaintiff, for $708.98, being the amount unpaid on the note. The defendant took exceptions on the trial, which the judge directed should be heard in the first instance at the general term, and suspended judgment in the meantime. Other facts, and the exceptions, are sufficiently noticed in the following opinion, for a correct understanding of the decision of this court.

*Rexford & Kingsley,* for the plaintiff.

*Henry R. Mygatt,* for the defendant.

*By the Court,* BALCOM, J. If the Bank of Norwich had sued the defendant upon the note, he would have had no defense to it, unless it were the statute of limitations. The bank lent the money on the note, to the maker, and received the note from him, indorsed by the defendant and another, at the time it bears date. The note was not paid when it became due, and it was protested and the defendant was duly charged as indorser. The plaintiff paid the amount

due upon the note, to the bank, and received the note on the 8th day of June, 1858; and he has since remained the owner and holder of the note. He succeeded to all the rights of the bank, and can enforce them in this action. These views dispose of all the defenses set up in the answer, and all the offers and rulings pertaining to them, except the defense of the statute of limitations and the offers and rulings touching the same. Whether the maker of the note obtained the money on it of the bank to use in buying hides, for the defendant and the other indorser of the note, which the defendant was to tan; or under what circumstances the note was given, or what became of a seven per cent dividend on the note which the indorser, Miller, received of the assignees of the maker of the note; or whether the defendant and the other indorser of the note were partners and they indorsed the note to raise money for their use as such, and the money obtained of the bank on the note was used by them in their business as partners, were facts wholly immaterial to the issues tried, in view of the rights of the plaintiff as holder of the note. It was not alleged in the answer, or claimed on the trial, that the seven per cent dividend which the indorser Miller received on the note from the assignees of Hughston, was paid to the plaintiff or to the bank; and no defense to the note in favor of the defendant had arisen against the plaintiff, unless it were the statute of limitations, that did not exist against the bank; and no defense in favor of the defendant, against the bank, was set up in the answer, except the payment of half of the note by him, which was proved and allowed to him in the verdict.

The statute of limitations was a defense to the action, if the $45, which the defendant received of the assignees of the maker of the note, and paid thereon to the Bank of Norwich, on the 16th day of February, 1858, did not take the case out of the operation of such statute. The case of *Pickett* v. *King*, (34 *Barb.* 193,) shows that the payment which the assignees made on the note to and through the defendant,

to the bank, did not prevent the statute of limitations running in favor of the assignor, who was the maker of the note, from the time the note became due.

The defendant was liable to the bank, as indorser of the note, for the payment of the whole amount due thereon, at the time he received the $90 of the assignees of the maker, and paid $45 of the same to the bank. If the bank had obtained that money on the note of the assignees of the maker, at the request of the defendant, the note would have been taken out of the operation of the statute of limitations, according to the decision of the Court of Appeals in *Winchell* v. *Hicks*, (18 *N. Y. Rep.* 558,) which we are not at liberty to question. And when the defendant received the $90, and kept half of the same and paid the other half on the note to the bank, he must be deemed to have requested the assignees to pay him the $90, and be held to have been more than a mere agent of the assignees in dividing such money and paying one half of it on the note to the bank. He was more of a principal than an agent, for he acted for his own benefit, and when he paid the $45 to the bank, he reduced his liability on the note that amount.

The views of Mr. Justice Morgan in *Munro* v. *Potter*, (34 *Barb.* 358,) show that the payment by the defendant of the $45, on the note, binds him as effectually, against the running of the statute of limitations, as it would if he had borrowed that money of a disinterested third person. (*See Hawley* v. *Griswold*, 42 *Barb.* 18.)

We should deem it our duty to examine the opinion of Justice Morgan in *Munro* v. *Potter*, (*supra*,) and express our views respecting it, were it not so near of kin in principle to the decision of the Court of Appeals in *Winchell* v. *Hicks*, (*supra*.) The principle established in the latter case sustains the views of Justice Morgan, and we feel bound to acquiesce in his opinion.

It follows that the defendant's motion for a nonsuit, on the

ground that the statute of limitations was a bar to the action, was properly denied by the judge at the circuit.

The defendant's counsel insisted, at the trial, that the judge should submit the question to the jury, whether there was a new promise by the defendant to pay the note, arising from his payment of the $45, on it, in connection with the attending circumstances. But the judge refused so to do, and the defendant's counsel excepted to the refusal. The defendant's counsel now claims that the judge erred in refusing to submit this question to the jury; and he relies upon *Bloodgood* v. *Bruen*, (4 *Seld.* 362,) *Shoemaker* v. *Benedict*, (1 *Kern.* 176,) and *Pickett* v. *King*, (*supra*,) to sustain his position.

The law respecting the effect of a payment on a question as to taking a case out of the operation of the statute of limitations, has not been changed by the Code. (*Code*, § 110.) And the language of the authorities cited is that a payment, which will take a case out of the operation of this statute, must be made under circumstances to warrant a finding, as a question of fact, that the debtor intended to recognize the debt in question as subsisting, and which he was willing to pay. (*Also see 5 Bosworth's Rep.* 226.)

There was no conflict in the evidence in the case, and we think the defendant paid the $45 on the note within six years next before the time of the commencement of the action, under circumstances that warranted the judge in holding that he then intended to recognize his liability to pay the entire note, and which he was willing to pay.

Our conclusion is that no error was committed on the trial to the prejudice of the defendant, and that his motion for a new trial should be denied, with costs.

Ordered accordingly.

[BROOME, GENERAL TERM, January 23, 1866. *Parker, Mason* and *Balcom,* Justices.]