Mensch *v.* Mensch.

Present—E. D. SMITH, JOHNSON, J. C. SMITH and DWIGHT, JJ.

---

MARIA E. MENSCH, Respondent, *v.* NANCY J. MENSCH, Executrix, &c., of CHRISTIAN MENSCH, Appellant.

(GENERAL TERM, SEVENTH DISTRICT, JUNE, 1869.)

The plaintiff brought a suit on the 2d December, 1867, to recover upon an annuity, charged in his favor on the defendant, from January 1st, 1855, and the complaint averred that no part of the annuity had ever been paid.  The defendant pleaded the statute of limitations.  On the trial

the plaintiff proved, without objection, a payment by the defendant on account of the annuity on the 1st January, 1864.—*Held*, that the referee was justified in reporting in the plaintiffs favor for the sums falling due after January 1st, 1858.

APPEAL from judgment on report of referee, in favor of plaintiff. The action was brought to recover from the defendant as executrix, &c., of Christian Mensch, certain sums claimed to be due upon an annuity of eighty-four dollars under the will of the father of defendant's testator. The answer denied various allegations of the complaint, and set up the statute of limitations. The referee found for the plaintiff for $1,120, being the annuity and interest estimated from January 1st, 1858.

*G. F. Danforth*, for the appellant.

*G. E. Pritchett*, for the respondent.

Present—E. D. SMITH, JOHNSON and DWIGHT, JJ.

By the Court—DWIGHT, J. The will of John Mensch absolutely disposed of all his personal estate, and, therefore, such personal property was exonerated from, and the real estate charged was primarily liable for the legacy in question. (*How* v. *Van Hoesen*, 1 Coms., 120.)

The devise to Christian Mensch was upon the express condition that he pay the annuity, and its payment, therefore, became a personal charge on the devisee, upon his acceptance of the devise. (*Dodge* v. *Manning*, 1 Coms., 202; *Kelly* v. *Western*, 2 Coms., 500.)

The referee has found the fact that the devisee did accept the devise, and there is sufficient evidence to support the finding.

The only remaining question is, whether recovery of any installments of the annuity was barred by the statute of limitations.

The first installment fell due on the 1st day of January,

Mensch v. Mensch.

1855, and the succeeding installments at the end of every three months thereafter. The action was commenced on the 2d day of December, 1867. The statute therefore had run against more than one-half of the installments unless some payment had been made in the mean time, which operated to take the case out of the statute. The referee found, on proof which seems to have been sufficient, that a payment of twenty dollars had been made, on account of the annuity, on the 1st day of January, 1864, and held that this payment saved the claim for all the installments, falling due within six years prior thereto, from the operation of the statute.

To this conclusion it is objected by the appellant that the plaintiff had alleged in her complaint that no payment had ever been made of the annuities claimed, nor of any part thereof, and it is urged that this allegation must be taken as conclusive against her upon the question to which it relates, and must deprive her of the benefit of the proof of such payment to take the case out of the statute of limitations.

But the case presented is simply one of variance between pleadings and proof, and if an objection had been made to the evidence at the time it was offered, would have called for a ruling by the referee as to whether it was a material variance within the definition of the Code. By that definition (Code, § 169), no variance shall be deemed material unless it shall actually have misled the opposite party to his prejudice; and that it has done so must be made to appear by proof to the satisfaction of the court, whereupon an amendment may be allowed upon such terms as the court shall impose

In this case no objection having been made to the evidence offered, and no allegation that the defendant was misled by the averment in the complaint, it was proper for the referee to disregard the variance and find the fact according to the evidence.

The judgment must be affirmed.

All concuring.   Judgment affirmed.