MARILLA L. PITTS, Respondent, v. JOHN H. HUNT, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1872.)

Money paid by one of two persons jointly indebted on contract, at the request of the other, stops the running of the statute of limitations as to both.

Where one of the debtors sent his check to the creditor, at request of his co-debtor, for money of the latter in his hands, there being no other debt due from either,—*Held*, that it was payment by both within the statute.

Also that the creditor, in the absence of other directions, having applied the money to her debt, that evidence of an understanding, unknown to the creditor for its application to that of a third person, was incompetent to show its misapplication.

THIS was an appeal from a judgment entered in the plaintiff's favor upon a decision of the court without jury.

The facts appear in the opinion of the court.

*Scott Lord,* for the appellant.

*J. B. Adams,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. At some time prior to January 1st, 1850, Sanford Hunt, Jr., died seized of certain lands in the county of Allegany, in this State, and left surviving him his widow, Marilla L. Hunt, now Marilla L. Pitts, the plaintiff in this action, and an infant daughter.

An application was made by the plaintiff, on behalf of the infant, to the Supreme Court for authority to sell said lands, and authority to sell was given.

The lands were sold to John H. Hunt, one of the defendants, who thereupon purchased of the plaintiff her right of dower in said lands for the sum of $1,300.

To secure the payment of the sum, he executed and delivered to the plaintiff a paper signed by himself and Horace Hunt as surety, whereby, in consideration of the

conveyance to him of the right, they agreed to pay the said sum of $1,300 and interest when the receipts for the sales of such lands, after paying taxes thereon, and after paying a liability of the late husband of the plaintiff to the Tolland County Savings Bank, would permit.

The action is brought on this note.   John H. Hunt alone defends.

No question arises on any of the defences, except that of the statute of limitations.

In support of that defence, it was shown that enough of the proceeds of the sales of the lands referred to in the agreement, on which the action was brought to pay the taxes and debt due to the Tolland County Savings Bank, and to pay the debt of the plaintiff, was received as early as 1853.

To rebut this evidence, it was proved, on the part of the plaintiff, that the defendant, in the years 1860 and 1868, wrote the plaintiff that he had no knowledge of the receipts from the sales of the lands, that his brother Horace had charge of the sale of them, and he (John H.) could get no statement in regard to the sales from him, but intimates that, if any had been received, Horace was not in a condition to pay.

Horace, in August, 1864, writes to the plaintiff, in answer, it would seem, to an intimation from her that he had been retaining money which ought to be paid to her on the demand in suit for fifteen years, that it was not true, the fact was otherwise.   He then proceeds to say that the indications were that, within the then coming year, the land, from the avails of which he expected to pay her debt, could be sold for enough to pay the incumbrances, including her debt.

The plaintiff had no other knowledge or information as to when the debts to be paid before hers were or would be paid, except from the letters above mentioned.

It was also proved that, in a letter dated 25th September, 1865, John H. Hunt inclosed his own bank check for fifty dollars, payable to the plaintiff, and informed her that Horace had, in his, John H.'s hands, fifty dollars, which he desired

him, John H., to send to her. She had no other demand against the said John H. and Horace Hunt, except the one on which this action is brought.

The defendants' counsel attempted to show by the plaintiff that this money was sent the plaintiff to apply on a debt due by defendant to her daughter, upon the representations made by plaintiff that it was wanted to apply toward her daughter's education.

The plaintiff denies that she ever asked for money to apply on any indebtedness due to the daughter; but, on the contrary, asked for the money to apply on her own debt, and represented to defendants that it was to be applied toward her daughter's education, hoping thereby to obtain it the more readily. It would seem that the plaintiff had heard of an indebtedness from the defendants, or one of them, to the daughter on account of her interest in the land; but she was not notified that any such indebtedness existed.

The court has found, and the finding is warranted by the evidence, that the defendants did not receive from the avails of the land enough to pay the taxes thereon and the Tolland County Bank debt and the debt in question until within six years, and the defendants, by stipulation, admit that the plaintiff's right of action had accrued before suit brought. This disposes of the defence founded on the statute. It is also disposed of, if the payment of fifty dollars was made on the debt in question in September, 1865.

The only question there is about it on the finding of the referee is, whether the payment is to be treated as a payment by John H. That it is a payment as against Horace, cannot be questioned. That it is to be deemed a payment by John H., is established by the cases of *Winchell* v. *Hicks* (18 N. Y., 558), *Monroe* v. *Potter* (34 Barb., 358), and *Miller* v. *Talcot* (46 id., 167).

On the trial the defendant offered to prove that Horace Hunt requested John H. to send the fifty dollars remitted by check in 1865 to the plaintiff for her daughter's benefit, and that he had previously paid $550 into his (John H.'s) hands

for Mary. This evidence was objected to by plaintiff's counsel and rejected.

The evidence was incompetent. The money being sent without any direction as to the application to be made of it, left the plaintiff at liberty to apply it in payment of the debt due her, and that right could not be taken away by any private arrangement or understanding between the defendants. To make the evidence competent, they, or one of them, should have given directions as to the debt on which it was to be applied. The judgment must be affirmed.

Judgment affirmed.