LE ROY E. BOWE, RESPONDENT, *v.* PHILIP GANO, APPELLANT.

*Statute of limitations — what payment avoids — Practice — nonsuit — exception to — request to go to jury.*

Where a payment, larger than any one item thereof, is made upon a claim for professional services with no directions for the special application thereof, and there are no circumstances from which such direction can be inferred, such payment is effectual to avoid the statute of limitations, and an action may be maintained upon such claim at any time within six years of such payment.

*Quære,* whether, when a nonsuit or a verdict is directed at the Circuit, the party excepting thereto should not ask that the case be submitted to the jury, if he desires to insist upon appeal, that the court erred in not making that disposition of the case?

THIS is an appeal by the defendant from a judgment rendered on the verdict of a jury.

The plaintiff, an attorney and counselor of this court, rendered professional services for the defendant amounting in value, including disbursements, to the sum of $134.01. The defense was payment and the statute of limitations.

The first service for which a charge was made was in 1861, and the last was in November, 1863. There were three payments made by the defendant on the bill: one of five dollars in 1865; one of five dollars in July, 1868, and a third of fifty dollars in July or August, of the same year. The balance due, with interest, at the time of the trial, was $171.43 for which sum the court directed a verdict in favor of the plaintiff. The action was commenced April 15, 1874. The plaintiff testified to the services and disbursements as charged, and also to the payments as above stated. He also testified to the making out of the account and its presentation to the defendant in 1868. The defendant on his examination did not deny the rendition of the services nor the expenditure for disbursements, nor the payments as sworn to by the plaintiff, but denied that he ever received an account from the plaintiff, or saw his account or the items, until November 22, 1872. The defendant did not ask to go to the jury on the proof; but merely excepted to the ruling of the court in directing the verdict. From the judgment entered on the verdict, the defendant appealed to the General Term.

*Bowe & Shumway*, for the respondent.

*Lynes & Van Horne*, for the appellant.

BOCKES, J.:

The defendant made no request to have the case submitted to the jury on the evidence. Having omitted so to do, it may, perhaps, be a question whether the exception to the ruling of the court, in directing a verdict for the plaintiff, raises the point that the case was one proper for the consideration of the jury. In *Bidwell* v. *Lament* (17 How., 357), a nonsuit was directed against an exception. It was held that there should have been a request to submit the case to the jury, if the party had so desired. (See also, *Clark* v. *The Mayor*, 24 How., 333; *Terry* v. *Bonesteel*, 25 id., 422; *Hotchkins* v. *Hodge*, 38 Barb., 117, 123; *O'Neill* v. *James*, 43 N.

Y., 84, 93; *Winchell* v. *Hicks*, 18 id., 558; *People* v. *Holmes*, 5 Abbott, 420; *Dows* v. *Crary*, 28 Barb., 157, 180, 181; *McGuire* v. *Sinclair*, 47 How., 360, 367; *Carnes* v. *Platt*, 6 Rob., 270; *Bunge* v. *Koop*, 5 id., 1; *Mallory* v. *Tioga R. R. Co.*, 5 Abbott [N. S.], 420, 424; but to the contrary see *Bridgeport City Bank* v. *Empire Stone Dressing Co.*, 30 Barb., 421; *Sheldon* v. *F. and M. Ins. Co.*, 26 N. Y., 460; *Low* v. *Hall*, 47 id., 104; *Stone* v. *Flower*, id., 566; *Train* v. *Holland Purchase Ins. Co.*, 62 id., 598; *Backman* v. *Jenks*, 55 Barb., 468.) This question, however, need not here be determined, for even if there had been such request, I think the case was properly disposed of by the court. There was no conflict of evidence on its controlling points. The performance of the services, and the value of such services, including the items for disbursements, were not disputed; nor were the payments denied as testified to by the plaintiff. Nor was it denied that such payments were made to apply on the account or indebtedness which the plaintiff held and claimed against the defendant. The last payment was of fifty dollars; a sum exceeding any one item of indebtedness, showing an intention to make payment upon the entire claim. This payment was, too, within six years prior to the commencement of the action. Thus the case was left to stand on the question of law, whether a payment on the indebtedness by the defendant to the plaintiff within six years prior to the bringing of the suit, saved the plaintiff's demand from the operation of the statute of limitations. The case was, therefore, for the court; and it became the duty of the court to direct a verdict. The ruling in favor of the plaintiff on this question, was also in accordance with the law, as declared in a long and uniform line of decisions. It has long been held that payment by the debtor of part of a debt, or of a sum to apply on the indebtedness, is evidence from which acknowledgment of the residue will be implied. So it has been held repeatedly, that payment is equivalent to a new promise. This was the law prior to the Code and remains the same since. (Code, § 110; *Miller* v. *Talcott*, 46 Barb., 167; *Rich* v. *Niagara Co. Savings Bank*, 10 N. Y. Sup. Ct. Rep. [3 Hun], 481; *Mensch* v. *Mensch*, 2 Lans., 235; *Peck* v. *Steamship Co.*, 5 Bos., 236; *Shoemaker* v. *Benedict*, 11 N. Y., 176, 186; *McLaren* v. *McMartin*, 36 id., 88, 90; *Smith* v. *Velie*, 60 id., 106, 111.) Here

we have a case of payment on a claim of general indebtedness, with no direction for special application of it, nor circumstances from which such direction could be inferred. Such payment was effectual to avoid the statute, according to the cases cited; and the learned judge was right in directing a verdict, the question presented being one of law merely.

As regards the interest which was allowed, no question was raised on the trial.

The judgment must be affirmed, with costs. The case shows an order at the Circuit, that if a case and exceptions should be made and served, then the same should be heard in the first instance at General Term. But it also appears that judgment was entered on the verdict, and that an appeal in due form was taken therefrom. The case is consequently treated as here on the appeal from the judgment.

Judgment affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Ordered accordingly.