ALBERT DINGS, RESPONDENT, *v.* ROSELLA M. GUTHRIE AND SAMUEL GUTHRIE, APPELLANTS.

*Statute of limitations — effect of an agreement between the parties to a note that a payment made thereon shall not take effect until a subsequent time.*

This action was brought upon a promissory note made by the defendants, dated April 1, 1874, payable one year from date. There were four indorsements of payments upon the note, the last being of fifteen dollars on April 1, 1879. It appeared that the fifteen dollars were handed to the plaintiff, to be applied on the note, by one of the makers, two or three days prior to the first day of April, with directions to indorse the payment as of April first, which was done. This action was commenced March 30, 1885.

*Held,* that under the arrangement made by the parties, the delivery of the fifteen dollars to the plaintiff did not take effect as a payment on the note until April first, and that it saved the case from the effect of the statute of limitations. (LEARNED, P. J., dissenting.)

*Sharpley* v. *Albert* (42 N. Y., 443) and *McDonnell* v. *Blanchard* (5 Weekly Dig., 410) distinguished.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, rendered at the Washington Circuit.

The action was brought to recover upon a promissory note made by the defendants for $500, dated April 1, 1874, and payable one

year from date. The defense was the statute of limitations. There were four indorsements of payments upon the notes, the last of which was of fifteen dollars, April 1, 1879. The action was commenced March 30, 1885. The verdict was for the plaintiff.

*L. Fraser*, for the appellants.

*Hull & Whitman*, for the respondent.

BOCKES, J.:

There was a sharp conflict of evidence as to the year when the last payment of fifteen dollars indorsed upon the note was made. The proof on the part of the plaintiff made the payment in 1879; on the part of the defendants 1878. The jury, by the verdict, found it to have been made the former year. If made as indorsed, April 1, 1879, the action was in time to escape the statute, having been commenced March 30, 1885. The facts as to that payment, as testified to, are as follows: The fifteen dollars were handed to the plaintiff, to be applied on the note, two or three days prior to the first of April, by the defendant Samuel Guthrie, who, in substance and effect, directed it to be indorsed as of the first of April, and it was so indorsed. As to this direction there was some conflict in the proof. The judge charges that it was entirely competent for the parties to make an arrangement that the payment should be made as of that day, and that if they so agreed then it would be of the same effect as if made on that day. To such charge there was no exception, and the verdict was for the plaintiff. The effect of the arrangement was that the money should be applied on the note April first, and not before. It would not, therefore, take effect as a payment until that day, and this at the direction of the defendant, who, in handing over the money, might attach such terms and conditions to its application as he should deem proper, and it would take effect according to such terms and conditions. The case of *Sharpley* v. *Abbott* (42 N. Y., 443) is decided on the question of estoppel, and like *McDonnell* v. *Blanchard* (5 Weekly Dig., 410), differs entirely from this on the facts. We are of the opinion that the arrangement or agreement, if made, would save the case from the effect of the statute. On the question whether it was made the jury have found in the affirmative.

It is urged that there is no evidence that the defendant, Rosella M. Guthrie ever made or directed the making of any payment on the note. On this subject the judge charged the jury as follows: " When two persons make a note, even husband and wife, one cannot, by going and making a payment without the knowledge of the other, keep the note alive as to the other; but, if he makes the payment in behalf of the other or with the knowledge and approval of the other, then it is the same as if made by that other." To such charge there was no exception and, indeed, it was, in law, entirely sound. But there was some evidence given tending to show that the payment by the husband was made under the sanction and approval of his wife, as her agent, and, indeed, by fair inference, by her direction. ( *Winchell* v. *Hicks*, 18 N. Y., 558 ; *First Nat. Bank* v. *Ballou*, 49 id., 155 ; *Munro* v. *Potter*, 34 Barb., 358.) No question was raised on the trial as to Mrs. Guthrie's liability because of her being a married woman, nor is this question now raised on the defendant's points submitted to us. It should be observed, perhaps, that it does not appear that there was any motion for a new trial made on the minutes of the court or otherwise.

The judgment should be affirmed, with costs.

LANDON, J.:

The payment of fifteen dollars four days before the usual interest day, was agreed to be applied and indorsed as upon the interest day. It was not intended as an agreement to extend the statute of limitations or avoid its effect, but to promote convenience of computation. Not to give to this payment the date the parties agreed it should bear, would be to prevent the honest intention of both parties, and to enable the defendant to accomplish a wrong that he did not at the time deem himself capable of. We should hold the date to be as fixed by the parties.

LEARNED, P. J. (dissenting):

In regard to the limitation of the right of action, I think a payment cannot, by agreement, be made to take effect at a future day. It is an admission of indebtedness at the time it is made, not of an indebtedness at a subsequent time. Suppose a payment made to-day on a verbal agreement that it should be indorsed as of a day

two years hence.   This ought not to make the statute of limitations run from that future date.   (Code, § 395; *Sharpley* v. *Abbott*, 42 N. Y., 443; *McDonnell* v. *Blanchard*, 5 Week. Dig., 410.)   The last case seems to be in point; plaintiff's recovery depends upon the agreement made between the parties, and that was not in writing.

Judgment affirmed with costs.