Samuel Herbert Brown, by Guardian, etc., Respondent, *v.* Odle C. Knapp as Administrator, etc. et al., Appellants.

Where a legacy to an infant, as to whom the testator is *in loco parentis*, is made payable when the infant becomes of age, and such legatee has no other provision in the meantime, or any maintenance allotted by the will, the legacy carries interest from the time of the death of the testator.

It is not needed for the application of this rule that the testator should have been under a legal obligation at the time of his death to support the legatee ; it is sufficient that he has voluntarily assumed such a relation, similar in some respects to that of parent, as that it may be presumed he did not intend to leave the legatee without support.

Where a legacy is given, and is directed to be paid by the executor, who is a devisee of real estate, such estate is charged with the payment of the legacy ; and the devisee, upon accepting the devise, becomes personally bound to pay the legacy ; and this, although the land devised to him proves to be less in value than the amount of the legacy.

*It seems,* that payment of such a legacy may be enforced by a suit in equity against the real estate, or by an action directly against the devisee upon the promise to pay implied by the acceptance of the devise.

An action to enforce the legal liability of the devisee and executor may be brought in this State, although the testator was a resident of, and said executor was appointed in another State.

In such case, however, where action is brought to recover interest during the minority of the legatee, as the cause of action arose in the other State, the rate of interest allowed by its laws should control.

In such an action, *held,* that plaintiff was not entitled to recover compound interest, but only simple interest at the rate of six per cent.

Plaintiff's father, who was the son of B., the testator, entered the military service of the United States in 1863. Before he entered the service B. said to him, that if he never returned his wife and son would always be cared for. After his departure B. took plaintiff and his mother to his (B.'s) house to live. Plaintiff's father died in the service ; plaintiff and his mother continued to live with B., being supported by him until his death ; plaintiff was at that time about seven years old. By his will B. gave to plaintiff $3,000, which he directed his executor to pay when plaintiff attained the age of twenty-one years. The residue of his "real and personal estate" B. gave to his son W., whom he appointed executor. W. qualified and took possession of the estate. Plaintiff had no property, except that given him by the will. *Held,* that the evidence authorized a finding that the testator assumed the paternal care of plaintiff; that he was entitled to interest upon the legacy at the rate of six per cent per annum from the death of the testator, during his minority; and that W. was personally liable therefor.

The will gave to a daughter of the testator $4,000, to be invested by the executor "for her use, support and maintenance during her natural life," with directions that if the interest should prove insufficient, the executor should apply so much of the principal as should be necessary for her support. *Held,* that the presumption in favor of plaintiff, as to interest, was not overthrown by the language used in this bequest.

The action was in form against W., as executor ; the objection as to form was not taken below. *Held,* that while it would have been more proper to have brought suit against W., individually, yet, as the result is the same and as the objection, if it could be raised here was merely technical affecting no substantial right, the action would be treated as one to enforce the personal liability of W.

*Brown* v. *Knapp* (17 Hun, 160), reversed, but upon grounds not there discussed.

(Argued November 21, 1879 ; decided December 2, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming

a judgment in favor of plaintiff, entered upon the decision of the court on trial without a jury.

This action was originally brought against William S. Brown, as executor of the will of Samuel Brown, deceased, to recover interest on a legacy given to plaintiff by said will. After the decision was filed, but before judgment was perfected, said defendant died ; by order of the court judgment was entered as of the date of the trial. The present defendants, the administrator with the will annexed of the said testator, and the administrators of the original defendant, were subsequently substituted as defendants.

The facts appearing on trial are set forth sufficiently in the opinion.

*William H. Robertson,* for appellants. Defendant being a foreign executor the court had no jurisdiction over him. (*Metcalf* v. *Clark,* 41 Barb., 45, 49; *Gulich* v. *Gulich,* 33 id., 92; *In re Well,* 11 Hun, 124.) The testator having fixed the time for the payment of the legacy in question, it begins to draw interest from that date only ; the exception which some of the cases have made in favor of a child where no provision is made for its support cannot be invoked in this case. (*Lupton* v. *Lupton,* 2 J. Chy., 614; *Van Bramer* v. *Hoffman,* 2 J. Cas., 200; Wigram on Wills, 343; *King* v. *Talbot,* 40 N. Y., 76.) The court erred in deciding that the plaintiff was entitled to interest at the rate of seven per cent per annum, and also to compound interest. (*Williamson* v. *Williamson,* 6 Paige, 298; *Talbot* v. *King,* 40 N. Y., 76; *Loeschigk* v. *Addison,* 19 Abb., 169.)

*Gilbert O. Hulse,* for respondent. The court below had jurisdiction of this action. (*Tunstall* v. *Pollard's Adm'r,* 11 Leigh, 1, 25 ; *Bryan* v. *McGee,* 2 Wash. C. C. R., 337 ; *Pugh's Ex'rs* v. *Jones,* 6 Leigh, 310 ; *Swaringen* v. *Pendleton,* 4 S. & R., 389 ; *Dowdale's Case,* 6 Co., 46 ; Cro. Jac., 55 ; *Evan's Adm'r* v. *Tatem,* 9 S. & R., 252 ; *Campbell* v. *Tousey,* 7 Cow., 64 ; *McNamara* v. *Dwyer,* 7 Paige, 239 ;

*Brown* v. *Brown*, 1 Barb. Chy., 189 ; *Parsons* v. *Leyman*, 20 N. Y., 103, 125 ; *Despard* v. *Churchill*, 53 id., 192 ; *Dawes* v. *Royalston*, 9 Mass., 337 ; *Richards* v. *Dutch*, 8 id., 506 ; *Gulick* v. *Gulick*, 33 Barb., 92.) The legacy given to the plaintiff in the will of Samuel Brown, deceased, carries interest from the death of the testator, and the plaintiff is entitled thereto for his maintenance, education and support. (2 Williams' Exr's [7th ed.], 1239, 1428, 1429; *Heath* v. *Perry*, 3 Atk., 102; *Dundas* v. *Wolffe Murray*, 1 Hem. & M., 425; *Acherly* v. *Wheeler*, 1 P. Wms., 783; *Harvey* v. *Harvey*, 2 id., 21; *Nicholls* v. *Osborn*, 2 id., 419; *Taylor* v. *Johnson*, 2 id., 504; *Beckford* v. *Tobin*, 1 Ves., 308; *Lowndes* v. *Lowndes*, 15 Ves. Chy., 301; *Mills* v. *Robarts*, 1 Russ. & Myl., 555; *Chambers* v. *Goldwin*, 11 Ves. Chy., 81; *Hill* v. *Hill*, 3 Ves. & Beames, 183 ; *Brown* v. *Temperly*, 3 Russ. Chy., 263; *Mole* v. *Mole*, 1 Dick., 310; *Leslie* v. *Leslie*, Lloyd & Gould's R., 1; *Boddy* v. *Dawes*, 1 Keen's Chy., 362; *Magoffin* v. *Patton*, 4 Rawle, 119; 2 Roper on Leg., 190, chap. 20, § 3, and 192, § 4; *Shudal* v. *Jekyll*, 2 Atk., 516; *Pinney* v. *Faucher*, 3 Bradf., 198; *Cook* v. *Meeker*, 36 N. Y., 18, 19.) Where the testator is a parent of, or stands *in loco parentis* to a legatee, whether the legacy be vested or contingent, if the legatee be not an adult, interest on the legacy will be allowed as a maintenance from the time of the death of the testator, if there is no other provision for that purpose. (*Acherly* v. *Vernon*, 1 P. Wms., 783; *Hill* v. *Hill*, 3 Ves. & B., 183; *Mills* v. *Roberts*, 1 Russ. & M., 555; *Leslie* v. *Leslie*, 4 Lloyd & Gould R. ; *Rogers* v. *Soutten*, 2 Keene's R., 598; *Wilson* v. *Madison*, 2 Y. & C. Ch., 372; *Russell* v. *Dickson*, 2 Dru. & W., 133; *Harvey* v. *Harvey*, 2 P. Wms., 21; *Indedom* v. *Northcote*, 3 Atk., 438; *Chambers* v. *Goodwin*, 11 Ves., 2; *Brown* v. *Temperly*, 3 Russ. Chy., 263; *Mole* v. *Mole*, 1 Dick., 310; *McDermott* v. *Healey*, 3 Russ. Chy., 264, note ; *Wynch* v. *Wynch*, 1 Cox, 433; *Donovan* v. *Needham*, 9 Beavan, 164; *Rudge* v. *Wiswall*, 12 id., 357; *In re Rouse Estate*, 9 Hare, 649.)

Earl, J.   Samuel Brown, the testator, died in October, 1867, at Greenwich, in the State of Connecticut, where he had for many years resided.   He left a will which was proved and admitted to probate in that State, in which are the following provisions :   He gives his wife the use of his dwelling-house and of one-third of his farm.   He gives his daughter the sum of $4.000, to be invested and applied by his executor for her use and maintenance during her life, the executor being directed in case the interest was insufficient for that purpose to apply so much of the principal from time to time as should be necessary for her support, and after her death so much thereof as remains to be divided among her children.   He gives to the plaintiff $3,000, in the following language :   " I give, devise and bequeath to my grandson, Samuel Herbert Brown, the sum of $3,000, and direct my executor hereinafter named to pay to him the said sum when he shall attain the age of twenty-one years ; but if he shall die under that age without issue, then I give the same to my son, William S. Brown, and my daughter, Ann Jannett Lounsberry, equally ; " and then the final clause of the will is as follows :   " The rest, residue and remainder of my real and personal estate I give, devise and bequeath to my son, William S. Brown, and I constitute and appoint him sole executor of this my will."

At the time of his death the testator owned in that State real and personal property of about the value of $16,000, nearly $11,000 of which was real estate.   William S. Brown qualified as executor, took possession of the estate, and made and filed an inventory thereof; and before the commencement of this action he had made a final settlement of his accounts as such executor in the Probate Court of Greenwich, and a final decree in reference thereto had been entered.   At the time of the death of the testator, and from thence to the rendition of judgment in this action, William S. Brown was a resident of this State.   At the testator's death the plaintiff was about seven years old.   In 1863 he resided with his father, a son of the testator, together with his mother,

in the city of New York, and his father early in that year entered the military service of the United States. Before he entered such service, the testator said to him that if he never returned, his wife and son would always be cared for. After the departure of plaintiff's father, the testator went to New York and took the plaintiff and his mother to his home to live, and in August afterward plaintiff's father died at Baton Rouge. The plaintiff and his mother continued to live with the testator and to be supported by him until his death. He always treated the plaintiff with great kindness and affection, and avowed an intention to educate him. We think the court at Special Term was justified in finding that the testator assumed the paternal care of the plaintiff and took the place in that respect of his father.

After the testator's death, the plaintiff's mother married again, and he with her moved into this State, where he resided at the time of the commencement of this action. The court found that the plaintiff had no property except that given him in the will of his grandfather.

The plaintiff, at the time of the commencement of this action, was about sixteen years old, and this action was commenced against William S. Brown, the executor, to compel him to pay the interest upon plaintiff's legacy of $3,000 from the death of the testator, such interest having been demanded and payment thereof refused. The executor claimed that the legacy did not carry any interest until it was payable; and that claim presents the only issue upon the merits in this action.

The general rule is, that when a time is specified for the payment of a legacy and there is no direction as to interest, the legacy will carry interest only from the time the legacy is payable. But to this rule there is a well defined exception. When there is a legacy to a minor child or to an infant, as to whom the testator is *in loco parentis*, and such legatee has no other provision nor any maintenance, in the meantime, allotted by the will, the legacy, although payable at a future day, carries interest from the death of the testa-

tor. This rule is based upon the presumption that the testator in such case must have intended that the legatee should in the meantime be maintained at his expense, thus discharging his moral obligation or carrying out his benevolent design: (*Lupton* v. *Lupton*, 2 Johns. Ch., 614; *Cooke* v. *Meeker*, 36 N. Y., 18; *Lowndes* v. *Lowndes*, 15 Vesey, 301; *Hill* v. *Hill*, 3 Vesey & B., 183; *Leslie* v. *Leslie*, 1 Lloyd's & Goold's, 1; *Magoffin* v. *Patton*, 4 Rawle, 119; *Harvey* v. *Harvey*, 2 P. Williams, 21.) It is not needed for the application of this rule that the testator must have been under a legal obligation, at the time of his death, to support the legatee. Such obligation of a testator to support his own child continues only during his life. It is sufficient for the operation of this rule that the testator has voluntarily assumed in reference to the legatee such a relation, — similar in some respects to that of parent — that it may be presumed that he did not intend to leave the legatee without support. The duty of the testator in this case, to provide for and support this infant grandchild, was almost, if not quite as strong as that of supporting his own children, and it must be presumed that he meant to discharge that duty. This presumption is not overthrown by the language used in the bequest to his daughter. She was an adult, and  he did not mean that she should have or control the legacy to her. But he desired that she should be supported out of it, and hence he provides that his executors shall invest the $4,000 and pay her the interest thereof, and as much also of the principal as may be needed for her support. These special provisions made it necessary for the testator to use language differing from that used in the bequest to the plaintiff. This legacy, therefore, carried interest from the death of the testator.

The executor also contended that this legacy was payable only out of the personal estate, and that there was not sufficient of such estate to pay the two legacies given in the will. It is claimed on the part of the plaintiff that the legacy was charged upon the real estate; and I am of that opinion. It

is well settled that when a legacy is given and is directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy. And the rule is the same when the legacy is directed to be paid by the executor who is the devisee of real estate. (2 Redf. on Wills, 209; *Mensch* v. *Mensch,* 2 Lans., 235; *McLachlan* v. *McLachlan,* 9 Paige, 534; *Wood* v. *Wood,* 26 Barb., 356; *Dodge* v. *Manning,* 1 N. Y., 298; *Reynolds* v. *Reynolds,* 16 id., 257; *Gridley* v. *Gridley,* 24 id., 130; *Harris* v. *Fly,* 7 Paige, 421; *Olmstead* v. *Brush,* 27 Conn., 530.) If the devisee, in such case, accepts the devise, he becomes personally bound to pay the legacy, and he becomes thus bound even if the land devised to him proves to be less in value than the amount of the legacy. If he desires to escape responsibility, he must refuse to accept the devise. If he does accept, he becomes bound to pay the whole amount of the legacy which he is directed to pay. Here William S. Brown, the executor, was directed to pay this legacy, and he was the devisee of the real estate; and hence the land not only was charged with the legacy, but the devisee became personally liable to pay it—principal as well as interest.

The payment of such a legacy can be enforced by a suit in equity against the real estate, or by a common law action directly against the devisee upon the implied promise to pay it—a promise implied by his acceptance of the devise.

Hence the liability of William S. Brown to pay this interest cannot be doubted, and the plaintiff, therefore, established against him a meritorious cause of action.

But it is further claimed on the part of the defense that this suit could not be maintained in this State, because William S. Brown was appointed executor in the State of Connecticut. As this real estate was situated in that State, an action could not be maintained here to enforce the charge against it. But this action is solely to enforce payment of the legacy by the defendant. It is true that the action is in form against him as executor. It should more properly

have been brought against him, ignoring his character as executor, upon the theory that by his acceptance of the devise he became personally liable to pay the legacy. But this matter of form has nowhere been objected to ; and as the result is the same, and as the objection if it could now be taken, would be merely technical, affecting no substantial right, the action may now be treated as if it were one against him to enforce his personal liability to pay the legacy. An action to enforce such a liability may, without doubt, be brought in this State. It is based upon an implied assumpsit and may be brought anywhere, like any other transitory action. There is the same right to sue upon this implied promise here that there would have been if William S. Brown had given his note or bond, or any other express promise in the State of Connecticut to pay the same sum.

As this cause of action arose in Connecticut, upon an implied contract which came into existence there, it is claimed that the rate of interest authorized by the laws of that State should control. I am of that opinion ; but there was no proof what the laws of that State are as to interest. This is all the case shows on that subject. At the close of the evidence it is stated as follows : "The defendant's counsel to have the privilege of introducing further evidence as to the laws of the State of Connecticut in regard to the legacy drawing interest, if he shall so desire. Such evidence was afterward offered." It does not appear what the evidence was which was offered, and it does not appear that any evidence was, in fact, received ; and no evidence as to such laws appears in the case, and there was no finding by the court or request to find as to such laws. It will be observed that the privilege reserved was not as to the rate of interest. What law, then, was the court bound to administer as to the rate of interest ? Clearly the law of this State, as no other guide or rule was furnished. (*Savage* v. *O'Neil*, 44 N. Y., 298.) As the laws of all civilized countries allow interest at some rate, the court could assume, in the absence of proof, that the laws of Connecticut allowed

interest, and in enforcing the obligation of the defendant to pay, it could not do otherwise than to take the rate allowed by our laws. The rate of interest allowed by the Connecticut laws not being proved, the court could allow a reasonable rate and take the rate allowed by our laws as the reasonable rate. As no proof was made as to the rate of interest, and no question made about it at the trial, it may also be assumed that both parties were willing that the rate of interest allowed in this State should control.

But the claim is also made that the amount of interest allowed was too great. The court allowed compound interest at the rate of seven per cent from the death of the testator. In this there was manifest error, upon any theory. Full, simple interest at seven per cent should have been allowed. This should not be treated like an action against a trustee who is bound to invest a fund and pay over the interest. In such a case it would generally be too much to allow full, simple interest at seven per cent, because no trustee can be expected to make so much interest during a series of years ; and particularly it would be unjust to allow so much interest over and above taxes and commissions. But here this was interest which William S. Brown owed upon his own debt — not upon a fund which he was bound to invest as trustee. It was due from him in the same sense that it would have been if he had given his bond to pay the $3,000, with annual interest, and he was bound to pay the annual interest without any deduction for taxes or commissions. But he was not liable for compound interest. If a creditor fails to collect the interest due from his debtor, he can never compound it. Compound interest at some rate is sometimes allowed against trustees who have been guilty of bad faith or some other wrong to the beneficiaries of the trust. But, as I have said, this is not a case of trust. It is a case of an implied promise to personally pay the legacy with the interest. It is simply like the case of an action of assumpsit to collect the interest upon a bond or other obligation, the principal of which is payable at a future

day. There was error, therefore, in the allowance of the sum of $649.88 for the interest upon the interest.

I have carefully examined the other alleged errors, but do not find any of which the appellant can justly complain.

The appellant, however, complains of the form of the judgment. That should have been corrected by motion in the Supreme Court; but as we have to modify the same, we will order it corrected.

The judgment of the General Term must be reversed, and that of the Special Term modified by striking therefrom the sum of $649.88, and by making the same simply a personal judgment in the ordinary form for the balance, with the costs prior to the appeal in the Supreme Court, and, as thus modified, affirmed, without costs of appeal in the Supreme Court or to this court to either party.

All the judges concur, except that Judges RAPALLO, ANDREWS, MILLER and DANFORTH hold that the rate of interest should be but six per cent. There must, therefore, be a further deduction of $289.20.

Judgment accordingly.