NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1884.

KEATING v. BRUNS.

*In the matter of the estate of* ANTHONY DELEYER, *deceased.*

Testator, by his will, gave all his property to his executors, in trust, to reduce the personalty to cash and sell the realty, and of the proceeds to invest $15,000, the income whereof they were directed to collect and pay to his minor adopted daughter, M., then living with him, for life ; with remainder over.   The personal property was of insignificant value.   The will made no other provision for M.   Upon the executors' accounting, it appearing that they had in their hands only about $16,000, proceeds of a sale of the real property, which, after payment of commissions and expenses, would not suffice for the investment

directed in the will; the court was asked to determine from what date interest, payable to the life beneficiary before the permanent establishment of the fund, was to be calculated—whether (1) from the testator's death, or (2) the end of a year thereafter, or (3) the time when the proceeds of sale of the real property were realized.—

*Held*, that the real property became personal at the death of testator ; and that M. was entitled, as one to whom the testator stood *in loco parentis*, to interest from the date of that event.

Brown v. Knapp, 79 *N. Y.*, 136—followed.

CONSTRUCTION of decedent's will, upon the judicial settlement of the account of William D. Bruns, and another, executors thereof. The facts are stated in the opinion.

GEO. F. MARTENS, *for executors.*

WM. H. FIELD, *for Margaretta A. Keating, formerly Goerck.*

L. W. EMERSON, *special guardian.* ·

THE SURROGATE.—The first article of this testator's will directs the payment of his debts. The second (omitting such parts as are foreign to the present inquiry) is as follows :  " I give to my executors my real and personal estate upon the following trusts : As soon after my decease as may be done, to reduce my personal estate into cash, to collect the rents and income of my real and personal estate, and to sell all my real estate at public or private sale, and, from the proceeds, in the first place to invest and keep invested $15,000, and to collect the interest and income thereof, and to pay over the same as received to my adopted daughter Margaretta Atelia Goerck, now living with me, for the term of her natural life." The will then provides for the disposition of the principal fund, upon the death of the life beneficiary.

For this adopted daughter, decedent made no other testamentary provision than the one above specified. The personal property which he owned at the time of his death was of insignificant value. As the net proceeds of the sale of all the real estate, the executors received about $21,000. It appears that there is now in their hands the sum of $16,145.92, and that, after the payment of their commissions and of the expenses of this accounting, the remaining assets will not suffice for the investment of the full amount of $15,000, directed by the second article of the will.

Under these circumstances, I am asked to determine whether, in ascertaining the amount that should be paid to the life beneficiary before the permanent establishment of the fund, she should be allowed interest from the death of the testator, or from a year later, or from the time when the proceeds of the sale of the real property were actually realized. The direction to the executors to make that sale was absolute; it was made to depend upon no contingency, and involved the exercise of no discretionary authority. In theory of equity, the land was money from the testator's death. Treating the question of interest, therefore, as if the entire estate had always been personal property in the executor's hands, I am of the opinion that this case falls within the rule promulgated in Brown v. Knapp (79 *N. Y.*, 136). It is a bequest to a minor toward whom the testator stood *in loco parentis*, and for whom he made no provision for support or maintenance, for the year succeeding his death. It is, therefore, a case where he must be presumed to have intended that the legatee should,

during that year, be maintained at the expense of his estate (see, also, Lupton v. Lupton, 2 *Johns. Ch.*, 614; Cooke v. Meeker, 36 *N. Y.*, 18; Lowndes v. Lowndes, 15 *Vesey*, 301; Williamson v. Williamson, 6 *Paige*, 298; King v. Talbot, 40 *N. Y.*, 76; Loder v. Hatfield, 71 *N. Y.*, 92).

A decree may be entered accordingly.