Barnard, P. J
Upon the question of fact found by the referee there is no cause for the reversal of the judgment. The deceased testator, represented in this action by the plaintiff, was the son of the defendant. He left a will and made the defendant his executor. The deceased lived in the state of New Jersey, and the defendant was empowered to act as executor by the orphan’s court of that state.
The will is peculiar: The testator had three children; he had what he supposed to be some $14,000. Shortly before his death he transferred certain specific articles of property (all he had) to the father, and by the will, after giving $2,000 each to the three children, the residue was given to his father and mother.
The children were young, all under twenty years of age, *747 and the will refers to them as “capable of self-support.” No mention is made of debts, but, on the contrary, the bequests seem to be carefully adjusted as if there were no debts. The defendant, however, held a note against the deceased, given for money loaned a few months before his death, in February, 1873. The entire estate consisted of a claim of $10,000 against the Japanese government, except a possible balance in the hands of a merchant firm of that country. For some months before his death the testator was sick of an incurable disease, and he and two of his sons boarded under a special contract with the defendant. He seems to have had no money, and the $1,500 is, therefore, an extremely probable one under the circumstances. The note is produced and the contract for board is proven. The defendant was a competent witness, without any objection being made to him. The general objection to proving that the defendant could not show the application of the assets to the payment of the debts of the witness, had reference only to the claim of the plaintiff that the entire estate should be received and the defendant take his chances of payment before the orphan court of New Jersey.
Upon the evidence of the defendant uncontradicted, a judgment based upon the finding that the defendant did not hold the claim against the deceased would be improper.
The note sustains the father, and the board is proven by another witness. The case then rests upon two questions of law both of which were decided in favor of the defendant.
The complaint avers a removal of the defendant as executor by the Orphans court of New Jersey. The answer is vague, denying jurisdiction and power of this court to do this act. It appears that the court had jurisdiction and power to do the act in respect to the subject matter, but it is charged that the defendant was not notified.
From the extent of the New Jersey law printed in the case, no notice appears, to be required when the executor has left the state which concededly was done by the defendant.
The respondent in his points claims that the extract is incorrect. As the case stands the plaintiff has the right to sue. The defendant received but $5,000 in all from the Japanese government, and that was received nearly five years after letters were procured.
Before this time the defendant had paid the funéral expenses, certain debts, and all except bis own, so far as disclosed, and the expense of asserting the claim, in all nearly $1,000.
There is no proof of the local law of New Jersey in respect to the equality of all the debts before the law, and in the absence of such proof the presumption is that the *748 common law prevails, and by that the executor has a preference over debts of equal degree. Rogers v. Hasbrouck, Ex. 18 Wend., 318.
There seems to have been a notice given to creditors in 1873, and after ten years of silence the change of administration was made. From the absence of proof and from the long delay, it is easily to be inferred that there are no other debts.
The plaintiff has brought his action in this state, and it is only the balance, if any, which the defendant retains after allowing him such sums as he has disbursed in the settlement of the estate. - The action is based upon an implied assignment. Brown v. Knapp, 79 N. Y., 136.
The undisputed proof is that he has no such balance.. The debts and expenses paid, including his own debt, exceed the sum received. ,
Judgment should, therefore, be affirmed, with costs. Pratt, J., concurs.