KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-
GATE.—July, 1888.

NEDER *v.* ZIMMER.

*In the matter of the estate of* MARGARETHA DUBER-
NELL, *deceased.*

In order that an infant legatee, to whom the testator stood in *loco parentis,*
be deemed entitled to interest from the death of the latter, it is suffi-
cient that no other provision nor any maintenance, in the meantime,
is *allotted by the will.* That the infant has extraneous means of sup-
port is immaterial.

PETITION for a citation to executor to procure judi-
cial settlement of his account. The facts appear in
the opinion.

HENRY FUEHRER, *for petitioner :*

Petitioner is entitled to interest on the money be-
queathed to him from the time the money was depos-
ited until the time the money was paid to petitioner.
There was a specific sum of money, to wit $2,500,
on deposit in the savings bank, which the testatrix, by
the will, directed the executor to pay in equal shares
to three children (one of them the petitioner) upon
their attaining the age of twenty-one years, respec-
tively. Petitioner claims that he is entitled to the
interest accrued upon his share of this money during
his minority from the death of the testatrix.

A bequest of a specific legacy will carry any acces-
sions by way of increase or interest which shall accrue

after the decease of the testator (Cogswell v. Cogswell, 2 *Edw. Ch.*, 231; Clarkson v. Clarkson, 18 *Barb.*, 646). See also King v. Talbot (40 *N. Y.*, 76).

Where the legacy is to a child for whom the parent has made no other provision by his will, and the legacy is made payable at a future day, it carries interest in the meanwhile (Lupton v. Lupton, 2 *Johns. Ch.*, 614; Miller v. Philip, 5 *Paige*, 573). See also Brown v. Knapp (79 *N. Y.*, 136), where the same principle is laid down.

JACKSON & BURR, *for executor:*

1. The general rule is that legacies only draw interest from the time that they are payable, when there is no direction as to the interest. It is true that there is an exception to this rule in the case of a legacy to a child, payable when it attains its majority and *it has no other means of support in the meantime* (Brown v. Knapp, 79 *N. Y.*, 136). But the proof supplied in that case is wanting in this. In that case the court found that the plaintiff had no property except that given him in the will of his grandfather (p. 141). For anything that appears here, the petitioner may have had abundant means.

2. In any event the interest must be very small. It appears that the executor has paid $850, an excess of $16.67 over the face of his legacy. There is no proof as to when he came of age, but we presume this is the interest on the face of the legacy from the date of his majority to the date of payment in 1885. The testatrix died in 1881. The executor had certainly one year to pay it without interest. The amount

remaining in the savings bank only drew 3 per cent. or 4 per cent. interest.   At 4 per cent., the unpaid interest would only amount to about $80.   The executor, if ordered to account, will file a petition for a voluntary accounting, and bring in all the parties, but he does not wish to do so, until the other children come of age, and he can settle the whole estate.   As the granting of this application is in the *discretion* of the Surrogate, substantial justice would be done, if this application were denied with leave to renew on further papers, if the executor does not promptly move for a final accounting when the other children attain majority.

THE SURROGATE.—The bequest in this matter is contained in the fourth clause of decedent's will, and reads as follows: "I give and bequeath the sum of twenty-five hundred dollars which is deposited by me partly in the German Savings Bank corner Broadway and Boerum street in the City of Brooklyn, E. D., and partly in the Savings Institution No. three (3) Chambers street, city of New York, to my three children issued with my first husband John Neder, namely: John, Joseph and Sebastian Neder, for to have the same divided among them in equal share and share alike, but any of those three John, Joseph and Sebastian Neder by having arrived the age of twenty-one years shall drawn his share out of said Twenty five hundred dollars."

This is an application by John Neder, one of said legatees, who was a minor at the death of the testatrix, to compel an accounting by the executor based

upon a claim that interest has not been paid from the death of testatrix or the time it was of deposit. It appears that his share of the principal has been paid and that he is now of age.

The petitioner to sustain the claim for interest contends that the legacy is specific. It does not appear that the precise sum of twenty-five hundred dollars was on deposit in the banks named, but whether the legacy is specific or simply demonstrative, I think the petitioner is entitled to the interest claimed and so interested sufficiently to maintain this proceeding. It is stated, in the opinion of the court in Brown v. Knapp (79 *N. Y.*, 136–141) : " When there is a legacy to a minor child or to an infant as to whom the testator is *in loco parentis,* and such legatee has no other provision nor any maintenance in the meantime *allotted by the will,* the legacy although payable at a future day carries interest from the death of the testator."

This authority leads to my holding that the petitioner is entitled to interest from the date of testatrix' death and so entitled to an account.

It will be observed that it is not, as claimed by the executor, essential that the infant legatee has no other property upon which he can be maintained. It is sufficient that there is no other provision nor any maintenance in the meantime allotted by the will.

The executor should account.