LEVI BARTHOLOMEW, AS ADMINISTRATOR OF THE GOODS, ETC., OF SARAH A. BARTHOLOMEW, DECEASED, RESPONDENT, *v.* ASBURY MERRIAM, WILLIAM J. WOOD AND BISHOP MERRIAM, APPELLANTS, IMPLEADED WITH ROBERT J. ADAMS AND OTHERS.

*Legacy — when charged upon real property — not extinguished or paid by reason of board, etc., given to the legatee by the general legatee and devisee named in the will.*

A testator, by his will, provided as follows: "I give and bequeath to my dear wife, Docia Ann Martin, all of my real and personal property of every name and nature whatsoever, with this provision, however: My said wife is to pay to my niece, Sarah A. Bartholomew, the sum of one thousand dollars, without interest, at any time when my said wife chooses so to pay the same; but in case of the death of my said wife before the payment thereof, then, and in that case, the same is to be paid out of the personal property, if there shall be sufficient for that purpose; and if not sufficient personal property, then the sum remaining unpaid thereof is to be paid out of the real estate."

The wife was authorized to sell and convey the property given her by the will, "said one thousand dollars to be paid as provided, however."

Said Sarah A. Bartholomew resided with the widow until the death of the former, doing work in the house and about the barn and farm. After the death of Sarah A. Bartholomew, the widow conveyed the premises by warranty deed, containing a reservation of possession during her life, and providing that, at her death, the grantees in the deed mentioned were to have full possession thereof. Said grantees executed to her a life lease of said premises; no consideration in money or property was actually paid at the time of this conveyance or lease.

*Held,* that a claim that the legacy to Sarah A. Bartholomew was paid by board, care and clothing furnished to her during her time of residence with the widow, could not be maintained, as, under the circumstances existing in this case, the law does not imply an agreement to pay, because it is not presumed that one party expected to charge, or the other to pay, for what was furnished.

That the legacy to Sarah A. Bartholomew vested upon the death of the testator, and was then a charge upon the real estate, payable upon the death of the widow, which lien was not in any manner affected by the deed and lease above mentioned.

APPEAL by the defendants, Asbury Merriam, William J. Wood and Bishop Merriam, from a judgment, entered, after a trial at a circuit and Special Term held in Washington county before the court without a jury, in the office of the clerk of the county of Washington on the 18th day of September, 1889, in favor of the

plaintiff, adjudging that certain lands, in said judgment referred to, were subject to a lien in favor of the plaintiff to the extent of $1,000, and interest thereon from August 15, 1888, the amount of the legacy given to Sarah A. Bartholomew by the will of Joseph H. Martin.

Affirmed on opinion of court below.

*J. Sanford Potter,* for the respondent.

*A. D. Wait,* for the appellants.

TAPPAN, J.:

Plaintiff seeks to recover a legacy to Sarah A. Bartholomew, under the will of James H. Martin. The will was executed February 11, 1865. The testator died in March, 1868, and his will was probated and the executrix qualified on the 1st day of June, 1868. After providing for the payment of the testator's debts, the will read as follows : " I give and bequeath to my dear wife, Docia Ann Martin, all of my real and personal property of every name and nature whatsoever, with this provision, however : My said wife is to pay to my niece, Sarah A. Bartholomew, the sum of one thousand dollars (without interest) at any time when my said wife chooses so to pay the same ; but in case of the death of my said wife before the payment thereof, then, and in that case, the same is to be paid out of the personal property if there shall be sufficient for that purpose ; and if not sufficient personal property, then the sum remaining unpaid thereof is to be paid out of the real estate. My said wife is to have the power to will, sell and convey the property of which she will become seized by this will (said one thousand dollars), to be paid as above provided, however, and the avails thereof, in case of sale, is to be used or disposed of as my said wife may choose. It is my intention to give the whole of said property to my said wife, with power to control, sell and convey, trade or transfer said property wholly as she chooses, with the provision as to the said one thousand dollars." When such will was made, testator was very sick, and did not expect to survive but a few hours ; he left no children. His family then consisted of his said wife and the said Sarah A. Bartholomew, who was then between sixteen and seventeen years old, who had resided with him since she was seven years

of age. He then owed debts exceeding the amount of his personal property; he was seized of the land described in the complaint, about nineteen acres in the town of Whitehall, and owned no other real estate. Said Sarah A. Bartholomew continued to reside in the family of the testator until he died, and afterwards with the said Docia Ann Martin, as a member of her family until the time of the death of the said Sarah A., September 15, 1872. During her whole life she was of feeble intellect, not qualified to do business, or to have the control or management of property independent of others; but she was of robust health, knew how to do the work required to be done in a house, and about a barn and farm, and was kind and obedient.

Said Docia Ann used and occupied the said property devised and bequeathed to her by said will, until her death, August 15, 1888. After the death of said Sarah A., and on the 25th of March, 1873, she conveyed said premises by warranty deed to the defendants, Asbury Merriam, William J. Wood and Bishop Merriam, which deed recited a consideration of $2,500, and contained a reservation of the possession of said property during her life to the said Docia Ann, and provided that at her decease the said parties were to have full possession. At the time this deed was executed, said parties executed to her a life lease of said premises, which contained a covenant by the lessors that in case the said Docia Ann should need for her use, support and comfort more than the annual rents and profits of said property, then said lessors, on request, would pay to her such sum or sums, and at such time and times as she should require and request for her comfort, use and support. No consideration in money or property was paid upon the making of said deed or said lease; said Docia Ann was in possession of said property under said will at the time the said deed and lease were made, and so continued up to the time of her death, August 15, 1888.

The object of said deed and said lease was to perfect the title of said premises in said grantees and lessors upon the decease of the said Docia Ann, and the only actual consideration therefor was the said covenant in said lease. Said Docia Ann left a will, whereby she devised and bequeathed all the remainder of her real and personal property, after payment of her debts and liabilities, to the defendants, Robert J. Adams, Betsey Ann Reed and Rachael A. Weaver; and

the defendant Asbury Merriam is named in said will as sole executor thereof. Under the will and said deed, defendants claim interests adverse to the plaintiff. It is contended by the defendants that the legacy was paid by board, care and clothing furnished to said Sarah A. from the time of the death of the testator in March, 1868, to the time of her death, September 15, 1872.

During that time she resided with said Docia A. as a member of her family. It was not claimed that any agreement was made by said Sarah or any one having authority in her behalf, to pay for board, lodging or clothing. She had money from her father's estate that was sufficient to pay for her clothing, that was probably used for that purpose. She performed work about the house which was of some value. Under the circumstances, the law does not imply an agreement to pay, because it is not presumed that one party expected to charge or the other to pay for what was furnished. The defendants have the burden of showing payment, and have failed to show that what Sarah A. received was of more value than her labor and services rendered for, and while she was a member of, the family of said Docia Ann. No claim was made by the defendant that payment of the legacy had been made in any other way.

It is contended by defendants, however, that the legacy was only to be paid to Sarah A., either during the life of Docia A. Martin, in case the latter should choose to pay, or in case said Sarah A. survived her, then it was to be paid out of the personal property of testator, and, in case of deficiency, then out of the real estate ; that Sarah A. having died before said Docia A., before the legacy was paid, and before it was due, it was merged and did not pass to the plaintiff as administrator ; it is argued that it is to be fairly inferred, from the mental condition, age and relationship of said Sarah A. to the testator and his wife, that the legacy was intended for her personal use and protection only, and the postponement of its payment was in her interest, for her benefit, and not for the benefit of testator's wife, or of the estate given to her. The wife is given property with the provision and condition attached that she is to pay this sum of $1,000 to Sarah A. Having received the property, she became liable to fulfill the condition attached to its devise to her. (*Brown* v. *Knapp*, 79 N. Y., 136 ; *Fowler* v. *Mut. Life Ins. Co.*, 28 Hun, 195 ; *Harris* v. *Fly*, 7 Paige, 421.)

Postponement of payment operated to increase the amount which she would receive, to an amount equal to the interest of $1,000, which would have belonged to Sarah A., had the legacy been payable immediately. There is no condition or provision as to how the legacy was to be used, as would have been the case if it had been intended for support and maintenance only; neither is there any condition as to payment; no contingency which would excuse payment. Care seems to have been taken to preserve the lien upon the testator's property for the payment of the legacy, and allow Docia A., the widow, to dispose of the property in any manner, at any time, subject to such lien. For these reasons, I think the legacy vested upon the death of the testator, and was then a charge upon the real estate, payable upon the death of the widow; that the deed and lease do not in any manner affect such lien. (_Paterson_ v. _Ellis_, 11 Wend., 259; _Marsh_ v. _Wheeler_, 2 Edw. Ch., 156; _Birdsall_ v. _Hewlett_, 1 Paige, 32; _Loder_ v. _Hatfield_, 71 N. Y., 93; _Bushnell_ v. _Carpenter_, 92 id., 270.) The defendant's title is referred to the will, and is subject to its provisions. (_Harris_ v. _Fly_, 7 Paige, 421.) A decree should be entered that plaintiff is entitled to receive said legacy, and that the same is a lien upon said premises; that the same be sold and the proceeds be applied to pay plaintiff's costs and the expenses of sale, and the said sum of $1,000 and interest from August 15, 1888, and directing the surplus, if any, to be paid to the defendants, the grantees in said deed.

Judgment is ordered accordingly.

Present — LEARNED, P. J., INGALLS and LANDON, JJ.

Judgment affirmed, with costs, on opinion of court below.