BLACKBURN *v.* BLACKBURN.

Opinion delivered January 10, 1921.

1. LIMITATION OF ACTIONS—ACTION TO RECOVER CHARGE UPON DEVISE.—Where a will provided that partition between devisees could not be made for a period of ten years, and charged a certain sum against the share of land going to defendant, an action to recover the sum charged did not accrue until the actual partition.

2. WILLS—ELECTION TO TAKE DEVISE.—Where a will charged a devisee with payment of a specified sum of money, but provided that there should be no partition for the period of ten years after testator's death, the devisee was not put to an election to take or refuse the devise until the partition was made, since until then he would not know what land would be apportioned to him.

3. EXECUTORS AND ADMINISTRATORS—ACTION TO RECOVER CHARGE UPON DEVISE.—An action against a devisee to recover a sum charged upon land devised to him was properly brought by the administrator, the sum charged being a part of the assets of the estate.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Daggett & Daggett* and *Fink & Dinning,* for appellant.

1. The action is barred by the three years' statute of limitation. 47 Ark. 301-14. The chancery court had full power to declare a lien upon the interest of appellant, and it was the duty of the devisees under the will to assert their lien before the action was barred. A judgment of a court of record is conclusive as to the parties on any issue which might have been adjudicated. 118 Ark. 533; 119 *Id.* 413; 96 *Id.* 540; 97 *Id.* 450. The action is barred.

2. The administrator of C. B. Blackburn is not the proper party to maintain this suit. 40 Cyc. 2057; 33 Pa. 47; 36 Pa. St. 1; 1 Appeal Cases (D. C.), 148; 118 Md. 242; 28 Wis. 659; 247 Pa. 196; 47 Ark. 254-265; 115 Ark. 577; 114 *Id.* 8. The circuit court had no jurisdiction, as the real parties in interest are not parties to the suit, and if it did the suit is barred.

*Moore & Vineyard* and *John I. Moore, Jr.*, for appellee.

1. The suit is not barred by the three years' statute of limitation. The statute does not run until a cause of action accrues. Until appellant elected to take his share of the land under the will no right of action existed. The acceptance of the land when allotted to him binds the appellant to performance of the terms of the will. 47 Ark. 317. The acceptance of land is a waiver of the other limitations. Appellant could not accept the benefits of the will without abiding by the judgment of the probate court that he should stand charged with the amount stipulated in the will. 50 Ark. 201; 53 *Id.* 514; 92 *Id.* 15; 96 *Id.* 251; 132 *Id.* 575; 111 *Id.* 1.

2. Appellant is estopped by his own conduct from pleading the statute of limitation. 134 Ark. 351. The cases cited by appellant do not apply. There is nothing in the record to indicate that the administrator was a party to this suit, and unless he was it could have no binding effect in this case.

3. The administrator of C. B. Blackburn was the proper party to maintain this suit. 46 Ark. 453 is not in point, but the question was settled in 18 Ark. 447; 15 *Id.* 436; 22 *Id.* 535; 15 *Id.* 438. It is the duty of the executor to collect all the assets of an estate and until the assets are collected, neither heirs nor legatees have the right to interfere. 111 Ark. 354.

SMITH, J. This suit was brought in the Phillips Circuit Court by George E. Blackburn, as administrator of the estate of C. B. Blackburn, deceased, for the purpose of recovering judgment against the defendant, E. M. Blackburn, in the sum of $3,000. The cause of action is predicated upon an implied agreement on the part of defendant, as one of the devisees under the will of his father, C. B. Blackburn, to pay off and discharge the said sum of $3,000 with which he was charged in the will, the defendant having taken the property devised to him under the terms of the will.

The defendant below filed a demurrer to the complaint, which was overruled by the court, and, electing to stand on his demurrer and refusing to plead further, judgment was rendered against him for the sum of $3,000. From this judgment.he now prosecutes this appeal.

The will contained the following provisions ·in ·regard to the lands: ''I wish to act justly by all, and wish .that what property I may have to be divided between them (children) and my present wife as follows: Each child to share alike in the division of the property,. or rents thereof, with an equal share during ·life for my wife Florence as if she was one of the children, besides the house and two lots now occupied as a home by me in Memphis, which is to be set apart, with the household fixtures, for her separate use and purpose for her and my younger children, in place of what benefits the older children have derived from me. I do not wish any of my property in Phillips County, Arkansas, to be sold for the term of ten years from the date of my death, but to be rented out or managed to the best advantage until that · time for the interests of my heirs. At the end of the ten years the property to be divided equally between all my living children, and also one share as a child's part for my wife, if she is living. * * *· I also wish the sum of $600 paid to my wife Florence each year out of the proceeds of rent on, or sale of timber from, lands for the term of ten years, for the purpose of any education for the younger children. This $600 to be first and separate of any other bequest, as I think it due the younger ones to receive a fair schooling, as I gave the older ones.''

The deceased died November 17, 1908, and his will was duly probated February 15, 1909, and partition in kind of his lands was made ten years after his death; and this suit was filed October 17, 1919, a period of ten years and ten months having elapsed from the time the will was probated to the time of filing this suit. The executors named in the will refused to serve, whereupon George E. Blackburn, one of the sons, applied for and

obtained letters of administration with the will annexed. The probate court made an order directing the administrator to bring this suit, and the suit was brought by him for the benefit of the estate. There appears to have been no personal property.

Appellant concedes that there would have been liability had the suit been brought within the proper time, but insists that the cause of action was barred when the suit was brought; and further that the suit should have been brought by the heirs, and not by the administrator. These were the grounds of demurrer.

We think the cause of action was. not barred when the suit was brought. The statute of limitation does not begin to run until the cause of action accrues, and the cause of action here sued upon arose out of an implied promise to pay the sum of money made a charge against the interest given the defendant.

In the case of *Williams* v. *Nichol,* 47 Ark. 263, Judge BATTLE quoted from the case of *Brown* v. *Knapp,* 79 N. Y. 143, the following language: "It is well settled that when a legacy is given and is directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy. And the rule is the same when the legacy is directed to be paid by the executor who is the devisee of real estate. (Cases cited.) If the devisee, in such case, accepts the devise, he becomes personally bound to pay the legacy, and he becomes thus bound, even if the land devised to him proves to be less in value than the amount of the legacy. If he desires to escape responsibility, he must refuse to accept the devise. If he does accept, he becomes bound to pay the whole amount of the legacy which he is directed to pay."

In the case of *Millington* v. *Hill, Fontaine & Co.,* 47 Ark. 314, Judge COCKRILL, speaking for the court, said: "Seth Bolton accepted the devise, and in doing so he by implication agreed to pay the sum given to the other heirs."

The presumption is that when defendant accepted the land devised him he agreed to discharge the indebted-

ness with which it was charged, but when did this acceptance occur? There was no occasion for the defendant to announce in advance whether he would accept the property bequeathed to him under the will. In fact, he could have done nothing more than to announce what action he would take when the partition became permissible, and was made, but he could not actually accept and take possession of the land until the partition was made. By the express terms of the will, partition could not be made for a period of ten years, and defendant could not know until that time what lands he would receive, as they were divided in kind, and there were seven children and the widow, who received equal shares. He might, or might not, have been willing to assume the burden which went with the devise, and he was not put to an election to take or to refuse until he knew what land would be apportioned to him. We think a fair interpretation of the purpose of the testator was that his lands should be held intact for ten years and then divided, and when divided the share of the defendant should stand charged with the sum of $3,000 for the benefit of the estate.

We think the suit was properly brought by the administrator. As is pointed out in the brief of the appellee, this is not a suit to subject the lands which passed to the defendant to the payment of the legacy, but is a suit brought by the order of the probate court to collect a sum charged against the lands devised defendant. The liability fixed against defendant's land is a part of the assets of the estate, and as such it is the duty of the administrator to collect it. *Shane* v. *Dickson,* 111 Ark. 354.

Judgment affirmed.