AUDIOVISUAL PUBLISHERS,
INC., Plaintiff–Appellant–
Cross–Appellee,

v.

CENCO INCORPORATED, Defendant–
Appellee–Cross–Appellant.

Docket Nos. 98–7265, 98–7327.

United States Court of Appeals,
Second Circuit.

Argued June 4, 1999.

Decided July 29, 1999.

Howard L. Margulis, Newark, NJ (Skadden, Arps, Slate, Meagher & Flom LLP; Sean E. Stanton, New York, NY, of counsel), for Plaintiff–Appellant–Cross–Appellee.

Stephen A. Radin, New York, NY (Mary Lou Peters, Weil, Gotshal & Manges LLP, of counsel), for Defendant–Appellee–Cross–Appellant.

Before OAKES and WALKER, Circuit Judges, and GOLDBERG, Judge.*

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

PER CURIAM:

## I. INTRODUCTION

Audiovisual Publishers, Inc. ("AVP") appointed William Shulman to audit Cenco, Inc.'s ("Cenco") financial books and records in order to calculate royalties owed by Cenco to AVP. Shulman determined that Cenco owed AVP about $6.7 million, but the United States District Court for the Southern District of New York, William C. Conner, *Judge,* reduced this amount to $61,412.50. AVP appeals the district court's orders and judgment reducing the deficiency award, as well as its order assessing simple interest rather than compound interest on the award. Cenco cross-appeals the portion of the district court's order requiring Cenco to pay for the audit that AVP instructed Shulman to conduct. For the reasons stated herein, we affirm on the issues raised by AVP and reverse on the issue raised by Cenco on cross-appeal.

## II. BACKGROUND

The complex history of this litigation now spans over a quarter of a century. We briefly review the facts pertinent to this appeal, relying on the district court's allocution of the facts in *Audiovisual Publishers, Inc. v. Cenco, Inc.,* 964 F.Supp. 861 (S.D.N.Y.1997), and *Audiovisual Publishers, Inc. v. Cenco, Inc.,* No. 72 Civ. 1681, 1997 WL 611552, at *1 (S.D.N.Y. Oct.3, 1997).[1]

AVP produces educational materials, including reel to reel tapes, records, and cassettes used with educational filmstrips. Cenco advertises, distributes, and sells filmstrips and audio media devices. In 1966, AVP signed an agreement with Cenco's predecessor, Eye Gate, Inc., in which AVP agreed to provide audio tapes and 12–inch LP records to correlate with the silent filmstrips that Eye Gate then sold. In 1972, AVP sued Cenco, claiming that Cenco had deprived it of royalties for certain cassettes as required by the agreement. *See Audiovisual Publishers, Inc.,* 964 F.Supp. at 863. The action was settled by a Consent Judgment signed by the district court on July 10, 1975. *See id.*

The 1975 Consent Judgment required in part that Cenco pay AVP a royalty on each tape previously made and to be made in the future from AVP's scripted master tapes. *See id.*[2] It required Cenco to provide royalty statements to AVP, gave AVP the right to audit Cenco's records, and determined that AVP would pay for any audit that cost more than the amount determined by that audit to be owed by Cenco to AVP. The district court retained jurisdiction to ensure compliance with the Consent Judgment. *See id.* at 864.

The audits subsequently performed in order to determine the royalties owed by Cenco to AVP have generated significant disputes and litigation. In accordance with the Consent Judgment, Cenco submitted its royalty certification statement for the period August 1, 1971, through

1. United States District Court Judge William C. Conner, who authored both opinions, has been involved with this case since at least November 1974.

2. The district court summarized the Consent Judgment provisions relevant to this appeal as follows:

   The Consent Judgment calls for Cenco to provide an initial multi-year royalty report and regular periodic reports thereafter. It gives AVP the express right to request an audit of Cenco's books and records to confirm the accuracy of Cenco's royalty reports with regard to (1) the number of cassettes and other tapes purchased and acquired by Cenco upon which royalties are due, and (2) the amount due based on the difference between the weighted average price charged by AVP for production of tapes and the weighted average price charged by Deryck Waring ("DW"), from whom defendant also obtained cassettes, for production services. The Consent Judgment also entitles AVP to compensation for new filmstrips prepared by defendant that duplicate more than twenty-five percent of the frames of a previously-existing filmstrip for which AVP scripted the audio master.

   *Audiovisual Publishers, Inc.,* 964 F.Supp. at 863–64.

June 30, 1975. *See id.* at 864. AVP objected to Cenco's statement. Because AVP could not locate an auditor willing and able to review Cenco's royalty statement, the court directed Cenco to obtain an audit. *See id.* Cenco nominated its own tax accounting firm, Arthur Andersen & Co. ("Arthur Andersen"), to perform the audit. AVP's objections to this nomination were overruled by Magistrate Judge Nina Gershon, whose ruling was upheld by the district court and this court. In April 1984, Arthur Andersen completed the audit of Cenco's royalty statement, limiting its review to the period between August 1, 1971, and April 30, 1973. *See id.*

AVP challenged several aspects of the Arthur Andersen audit. In December 1986, Magistrate Judge Gershon rejected AVP's challenges and approved the audit's conclusion that the plaintiff was entitled to additional royalties in the amount of $200. *See id.* The district court adopted the magistrate judge's findings, and this court denied AVP's subsequent appeal. *See id.* Moreover, this court imposed sanctions on AVP for litigating many issues that had been previously litigated and decided, such as whether the Consent Judgment should be set aside, whether Cenco's records were adequate to permit a meaningful audit, and whether Arthur Andersen was properly allowed to conduct the audit.

After the proceedings related to the Arthur Andersen audit were concluded, AVP sought an audit of Cenco's royalty certification statements for the period between May 1973 and July 1975, which were, as noted above, outside the scope of the Arthur Andersen audit. *See id.* In 1991, with Cenco's consent, AVP engaged auditor William Shulman to conduct the audit. *See id.* Because the first royalty statement covered the period 1971–1975, AVP, taking the position Shulman's audit should cover the entire period, directed Shulman to include in his audit "all of the disputed issues which remained unresolved" by the Arthur Andersen audit. Cenco objected on the ground that the district court and

this court had already resolved those issues. The district court stated that it would address these questions after the Shulman audit was completed, stating that "[i]f [Audiovisual] wishes an audit more extensive than is warranted, Audiovisual will have to bear the unnecessary expense."

In a final audit report issued in July 1995, Shulman determined that Cenco owed AVP $6.7 million including accrued interest. *See id.; see also Audiovisual Publishers, Inc.,* 1997 WL 611552, at *1. Cenco objected to Shulman's report, while AVP argued that the report was binding, subject only to the limited review afforded arbitration awards. The court expressly rejected AVP's contention and instead treated Shulman's audit as a report by an accounting expert. *See Audiovisual Publishers, Inc.,* 964 F.Supp. at 865 n. 4. Finding errors in Shulman's reasoning, the district court reduced the deficiency award (the amount due AVP from Cenco) to $61,-412.50, denied AVP's request for compound interest on that recovery, and awarded simple interest of $111,971.62. The total judgment was therefore $173,-384.12.

As noted above, the Consent Judgment provided that Cenco would bear the cost of the audit only if the audit cost less than the amount determined to be owed by Cenco to AVP. Shulman's audit cost $112,-271.63. Because the district court determined that Cenco owed AVP only $61,-412.50, Cenco requested that AVP pay for the audit. The district court denied Cenco's request.

This appeal followed.

### III. *DISCUSSION*

Although "[w]e review *de novo* a district court's interpretation of a consent decree," *United States v. International Bhd. of Teamsters,* 141 F.3d 405, 408 (2d Cir.1998), we have noted that "[f]ew persons are in a better position to understand the meaning of a consent decree than the district judge

who oversaw and approved it." *United States v. Local 359, United Seafood Workers*, 55 F.3d 64, 68 (2d Cir.1995) (quoting *Berger v. Heckler*, 771 F.2d 1556, 1576 n. 32 (2d Cir.1985)). Any findings of fact made by the district court shall not be set aside unless clearly erroneous. *See* Fed. R.Civ.P. 52(a). With these principles in mind, we turn to the arguments raised on appeal.

AVP's appeal raises three issues: (1) whether Shulman's audit report should have been treated as a binding arbitration award; (2) whether the district court properly found several of the auditor's findings to be untenable; and (3) whether the district court abused its discretion by awarding simple rather than compound interest on the amount due AVP. On cross-appeal, Cenco raises only the issue of which party should pay for Shulman's audit.

We address each issue in turn.

### A. AVP's Appeal

AVP first contends that the district court erred by not treating the auditor's report as binding. This argument fails.

■ The Consent Judgment does not describe the audit report as binding. AVP concedes this, stating that "the Consent Judgment does not state that the report of the independent CPA appointed to audit the accuracy of [Cenco's] royalty certification is binding." Yet AVP insists that the report was binding, notwithstanding the Consent Judgment's silence on this issue, by arguing that "the course of this litigation establishes that the parties clearly understood that to be the case." We disagree. The extensive history of this litigation demonstrates the exact opposite point, as AVP challenged the Arthur Andersen audit for the 1971 to 1973 period as nonbinding with respect to numerous accounting and auditing issues. The district court, as well as this court, heard all of AVP's objections to the Arthur Andersen report without rejecting them on the ground that the audit was binding.

In addition, Maxime Ferris, AVP's principal, clearly anticipated that Shulman's audit would not be binding. Ferris's June 1989 letter to the district court stated that

[I]t is now apparent that it does not matter who does the audit. If Cenco does not like the results, it will undoubtedly contest the auditor's work, since it is now equally apparent that the nominated CPA's decision is not necessarily final. Which is possibly the way it should be.

Later, when Ferris nominated Shulman as the auditor, Ferris assured the district court that "[j]ust as I was given the opportunity to contest the findings" of the Arthur Andersen audit for the 1971 to 1973 period, Cenco "will have the same opportunity to contest the findings of the auditor with respect to the anticipated audit, once his final audit report is in."

As noted above, a district court that oversees and approves a consent decree is in a good position to interpret its meaning. *See Local 359*, 55 F.3d at 68 (citation omitted). Given the circumstances, the district court did not err when it determined that the parties did not intend for the audits performed under the Consent Judgment to be binding. *See W. Alton Jones Found. v. Chevron U.S.A., Inc.*, 97 F.3d 29, 33 (2d Cir.1996) (holding that trial court's findings regarding parties' intentions in entering into settlement agreement will be respected on appeal unless clearly erroneous).

AVP next argues that the district court clearly erred when it determined that many of Shulman's assumptions and findings were insupportable. We disagree.

■ The dispute over whether AVP could recover royalties for 12-inch records illustrates the validity of the district court's conclusions. The Consent Judgment expressly provided that AVP was entitled to royalties "for each cassette or other type of tape purchased or acquired by [Cenco] from a supplier other than [AVP] which used a script created by

[AVP]". Although the Consent Judgment did not mention records, Shulman determined that AVP should also recover $462,-000 for 12–inch records produced from masters scripted by AVP. The district court denied this amount in total on the ground that the Consent Judgment, which "unambiguously" provided only for cassettes and other types of tape, did not include records. The district court reasoned that

> Had the parties contemplated that [AVP] was to receive royalties on phonographic records that reproduced audio masters, the parties would surely have so indicated in the Consent Judgment, as they did in their 1966 contract. Try as it might, [AVP] cannot persuade us that a twelve-inch, vinyl record is a "cassette or other type of tape" within the meaning of the Consent Judgment.

According to AVP, the district court's refusal to interpret the Consent Judgment's explicit reference to "cassette and other types of tape" to implicitly include phonographic records was "clearly contrary to the evidence." We are convinced, however, that the district court's conclusion that the Consent Judgment did not include records was entirely correct.

In addition, the district court and the parties' briefs on appeal point out several inconsistencies between AVP's previous and current positions with respect to items for which it was entitled to royalties from Cenco. For example, AVP previously stated that it performed work for Cenco in connection with both AVP-scripted and Cenco-scripted cassettes, but AVP now claims that it scripted all the masters that it produced. The district court's findings made in the effort to resolve the questions raised by this case were not clearly erroneous.

■ AVP's third argument on appeal is that the district court abused its discretion by awarding simple rather than compound interest. Although compound interest may be awarded under New York law where the defendant acts in bad faith, *see*

*In re Revson,* 86 A.D.2d 872, 875, 447 N.Y.S.2d 297, 302 (2d Dep't 1982) (citing *Brown v. Knapp,* 79 N.Y. 136, 145 (1879)), AVP did not demonstrate that Cenco acted in bad faith. The district court therefore did not abuse its discretion by awarding simple interest.

## B. *Cenco's Cross–Appeal*

Cenco argues that it should not have paid for Shulman's audit.

■ Under the Consent Judgment, Cenco had to pay for the audit only if the audit cost less than the amount determined to be due AVP from Cenco. Paragraph 5 of the Consent Judgment so provided by stating in part that "[t]he expense of all audits conducted pursuant to this settlement shall be borne by Audiovisual, provided that if the auditor should determine that the payments due Audiovisual were understated by an amount exceeding the costs of the audit, then the cost of the audit shall be borne by Cenco."

After receiving Shulman's reports stating that Cenco owed AVP over one million dollars, the district court ordered Cenco to reimburse AVP for the cost of Shulman's audit, which cost $112,271.63. The court's orders made clear, however, that AVP would refund the cost of the audit if the court later determined that Cenco did not owe the amount recommended by Shulman.

As discussed above, the district court did not treat Shulman's audit as binding and instead reduced the deficiency award to $61,412.50. The court then awarded simple interest of $111,971.62 on that amount, leaving a total judgment of $173,-384.12. Because the $61,412.50 amount by which the district court determined that "the payments due Audiovisual were understated" did not exceed Shulman's fees and expenses of $112,271.63, Cenco sought return of the audit costs, plus interest. Without explanation, the district court denied Cenco's request.

The district court may have denied Cenco's request either because the deficiency award plus the interest on that award—$173,384.12—exceeded the cost of Shulman's audit, or because the amount Shulman determined Cenco owed AVP—$6.7 million—exceeded the cost of his audit. Because the district court did not articulate its basis for denying Cenco's request, we briefly consider both approaches and conclude that the district court's decision was indefensible either way.

First, the district court should not have included the interest on the amount due AVP from Cenco when it determined whether that amount exceeded the cost of the audit. Paragraph 5 of the Consent Judgment requires that Cenco pay for the audit if the "payments due Audiovisual were understated by an amount exceeding the costs of the audit." The amount by which the royalties were understated in Cenco's royalty statement was $61,412.50. Paragraph 5 does not state that Cenco must pay for the audit if the "payments due Audiovisual, *plus interest,* were understated by an amount exceeding the costs of the audit." The absence of any reference to interest in Paragraph 5 demonstrates that interest should not be included when the amount of the deficiency award is compared to the cost of the audit.

Second, the district court should not have considered the deficiency award recommended by Shulman when it determined whether the amount due AVP exceeded the cost of the audit. AVP argues that it is the deficiency award determined by the *auditor,* and not the deficiency award ultimately determined by the district court, that must be compared to the cost of the audit for purposes of Paragraph 5. We disagree. It would be illogical to permit Shulman's inflated recommendation to govern which party should pay for the audit when that recommendation has already been rejected as inaccurate. It is

also simply unfair to penalize Cenco with the expense of AVP's overextensive audit. As Cenco argues, "much of the cost of Mr. Shulman's audit was the result of AVP's insistence upon an audit far broader than provided for by the consent judgment and the district court's and this Court's prior orders." AVP was well aware that it would bear the unnecessary expense if the audit were more extensive than warranted by the Consent Judgment.[3]

We therefore reverse on the issue raised in the cross-appeal.

## IV. *CONCLUSION*

For the foregoing reasons, we affirm the district court's assessment of $61,412.50 in principal and $111,971.62 in interest against Cenco. We vacate the district court's order to the extent that it denies Cenco's request that AVP pay for the audit and remand with instructions that the court order AVP to reimburse Cenco the $112,271.63 in audit costs that Cenco previously advanced to AVP.

---

**3.** For example, Judge Conner commented in an April 10, 1991, letter that "If Mr. Ferris wishes an audit more expensive than is warranted, Audiovisual will have to bear the unnecessary expense."